## JENNIE M. THOMAS *vs.* J. SAMUELS & BRO., INC.

### FEBRUARY 10, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Negligence of Shopkeeper. Duty to Customer.*

Shopkeeper is under duty to keep its elevator floors safe for use of its customers.

*(2) Negligence of Shopkeeper. Duty to Customers. Elevators.*

Where operator of elevator had orders to inspect floor of elevator at every floor, nevertheless the test of negligence is what reasonable prudence required the shopkeeper to do under the circumstances, and where elevator was making constant trips in a busy store inspection was not required after every stop, and failure to inspect was not negligence, and the fact that shopkeeper had set up such a requirement could not make failure to comply with orders negligence when it otherwise would not be.

*(3) Negligence of Shopkeeper. Duty to Customer. Elevators.*

In a personal injury action against shopkeeper arising out of slipping on a banana peel in leaving elevator, evidence showed operator "glanced" around at top floor and saw nothing; that elevator was inspected by starter before each trip; the peel was at back of car and seven feet from operator; the only person who saw it at next floor did not know what it was:—

*Held*, that there was no evidence to go to a jury as to whether shopkeeper knew or by the exercise of reasonable care ought to have known of its presence, and verdict was properly directed for defendant.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

BARROWS, J. Action for negligence.

Plaintiff slipped on a banana peel in defendant company's elevator. Heard on exceptions of plaintiff to direction of a verdict for defendant.

(1) Defendant conducts a 5-story department store. Its duty as to keeping floors safe for use was recently considered in *Langley* v. *Woolworth Co.*, 46 R. I. 394. The same duty existed as to its elevator floors. *Edwards* v. *Manufacturers Building Co.*, 27 R. I. 248.

Our question is whether the evidence considered in its most favorable light for plaintiff furnished any ground upon which to charge defendant with negligence. Plaintiff's

asserted grounds are (1) the failure of the elevator operator to obey inspection orders at the various stops going down; (2) appearance of the banana skin as a basis for inference that it had remained on the floor a considerable time, and (3) that the operator failed to see and remove the skin on inspection at the fifth or fourth floor.

Plaintiff, with her sister-in-law, a Mrs. Gardiner, at about 4 p. m. on August 21, 1921, entered defendant's "well-lighted" elevator at the fourth floor in order to descend to the ground floor. It was a busy portion of the day. Passengers had just been discharged at the fifth floor. The operator "glanced" at her car floor and immediately, without passengers, descended to the fourth floor. The two above-named and plaintiff's three year old child were the only entrants there. None of them recognized the skin although Mrs. Gardiner says she saw "something" at the back of the car to which she "paid no attention". Other passengers entered at lower floors until on the ground floor there were nine. As the others had entered plaintiff had stepped back and leaving the car as the last passenger her foot slipped and upon her heel was found the banana skin, then for the first time recognized by Mrs. Gardiner and identified as the "something" she saw on entering the car. It was "partly discolored," "dark," "almost black," "crushed looking," and further was described by the only person who touched it as "wet" and "soft". The operator testified that her orders from defendant were to inspect her elevator floor at every stop, that she did so and saw no peel even at the time of the accident; that her round trip took about five minutes and that her car, which was one of several, made approximately one hundred trips per day. Mrs. Gardiner testified that the operator made no inspection of her car floor at any stop after plaintiff entered the car.

Difficult as it is to believe that the operator's orders were to inspect at every floor, acceptance of her version of these orders does not furnish evidence of defendant's negligence. The test is what reasonable prudence required the store

management to do under the circumstances. Under ordinary conditions such as obtained at the place and time above described inspection of the elevator floor was not required after every stop with passengers getting in and out and obstructing the operator's view of the floor. It would have been impracticable and fruitless in a busy store. Failure to inspect at floors after the plaintiff entered the elevator was not negligence and the fact that defendant had set up such a requirement could not make a failure to comply with orders negligence when it otherwise would not be.

Plaintiff relies upon the case of *Anjou* v. *Boston Elevated Railway Co.*, 208 Mass. 273, urging that here, as there, were circumstances from which a jury might infer that the peel had been on the floor a "considerable time". In *De Velin* v. *Swanson*, 72 Atl. 388 (R. I.), a verdict was directed for defendant where there was no evidence of knowledge and no evidence that the peel had been on the floor long enough for notice to have been implied. The case does not show how long the peel had been on the floor. The *Anjou* case, as authority that the jury may conclude from color and appearance that the skin has been some time on the floor, is distinguished in a recent Massachusetts opinion prepared by the same justice. *O'Neil* v. *Boston Elevated Railway Co.*, 248 Mass. 362, holds in reference to an apple core that its color furnishes no evidence as to the length of time it has been there and cites with approval the earlier case of *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, wherein HOLMES, C. J., approving the direction of a verdict in the lower court, said: "The banana skin upon which the plaintiff stepped and which caused him to slip may have been dropped within a minute by one of the persons who was leaving the train. It is unnecessary to go further to decide the case." In the case at bar by substituting the word "elevator" for "train" the situation is the same. Without evidence or legitimate inference showing that the peel had been on the floor longer than the time required for the elevator to travel from the fifth to the fourth floor there

was practically no evidence as to how long the danger had existed.

It is suggested that the *Anjou* case went to the jury because it was a fair question whether defendant's employees, who were on the platform for the purpose of observing and removing obstructions, ought to have discovered and removed the peel which one of them walked over ahead of plaintiff. If such be the basis of that case we do not believe its principle applicable to the facts as they existed in this case. At the fifth floor the operator, through whom alone defendant could be charged with negligence, "glanced" around and saw no peel. Assuming that one was there, there was no legal duty to make a complete (3) inspection at that point when the evidence showed that an inspection was made at the ground floor by the starter before each trip. The operator's attention necessarily and properly was centered on the control of her car and of the appliances permitting ingress and egress of passengers. "Glancing" around was all that reasonably could be expected. The peel was not easily recognizable. It was at the back of the car behind, and at least seven feet from, the operator. The only person who saw it at the fourth floor did not know what it was. The dangerous nature of the "something" attracted no attention from Mrs. Gardiner. If Mrs. Gardiner, who saw it and was nearer to it than the operator, considered it unworthy of attention, in spite of the well known danger of a banana peel upon a floor, it seems to us it would have been improper to allow a jury to decide whether to hold defendant for the failure of the operator on a single occasion to see and remove the danger. Such procedure would practically permit defendant to be made an insurer. The difference between the present case and the case of *Langley* v. *Woolworth Co.*, *supra*, while theoretically one of degree is so great that it has become a difference in kind. There three employees for the space of an hour continually were traveling past and on the lookout to remove dangerous substances on the floor in plain sight. De-

fendant's evidence denied the presence of peanut shells upon the floor and substantially admitted that if there they could and would have been seen and removed long before the hour during which they remained had expired. There was, therefore, a question for the jury whether in the exercise of due caution defendant ought to have known of and removed the dangerous substance. No one here disputed the presence of the peel and we do not think it can be fairly said that there was evidence to go to the jury as to whether defendant knew or by the exercise of reasonable care ought to have known of its presence. No error was committed in directing the verdict. *Davis* v. *South Side Railway Co.*, 292 Ill. 378; *Benson* v. *Manhattan Railway Co.*, 65 N. Y. Sup. 271; *Boney* v. *Dublin*, 89 Southeastern (Ga.), 197.

The exceptions of plaintiff are overruled and the case is remitted to the Superior Court with direction to enter judgment for defendant on the verdict.

*John R. Higgins*, for plaintiff.

*William A. Gunning*, for defendant.