MARY C. SHEA *vs.* FIRST NATIONAL STORES, INC.

JUNE 28, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

86

CAPOTOSTO, J. This is an action of trespass on the case for negligence. The case was tried before a justice of the superior court sitting with a jury and, at the conclusion of the plaintiff's evidence, the trial justice granted the defend-

ant's motion for a nonsuit. The case is before us on the plaintiff's exception to this ruling.

The evidence shows that in the late forenoon of September 11, 1936, the plaintiff, a customer of the defendant, slipped on a grape, which she had not noticed, on the hardwood floor of the store. According to her testimony, the grape was near a counter on which were displayed vegetables and fruit, including grapes of the same kind as that on which she slipped. There is no testimony from her or from any one else showing how the counter was constructed, or the manner in which the grapes were displayed thereon, or where the grape was located on that counter in relation to the floor.

John R. McCarthy, also a customer, who was standing near the vegetable and fruit counter, testified that when he entered the store there were a few grapes and a little vegetable matter on the floor near the counter; that he pushed them aside with his foot, and that he had been in the store "about three or four minutes, probably less", when the plaintiff fell near where he was standing.

The single count of the plaintiff's declaration charges the defendant with failure "to use reasonable care to keep the premises in a safe condition for the use of said plaintiff." The testimony clearly shows that the case was tried solely on this theory. The general rule is that if the plaintiff alleges in the declaration negligence in certain particulars as the sole foundation of the action, negligence in these particulars must be proven to sustain the action. *Faubert* v. *Shartenberg's Inc.*, 59 R. I. 278, 195 A. 218, 219. *Capuano* v. *American Locomotive Co.*, 31 R. I. 166, 170; *McGinn* v. *U. S. Finishing Co.*, 27 R. I. 58.

The plaintiff contends that the defendant is chargeable with actual knowledge of the dangerous condition of the floor, arguing that "The grapes being in the container where they were, defendant must know that they are apt to fall from the container to the floor and cause a slippery and

dangerous condition, in view of their location on the vegetable counter." There is no basis for this statement, either in the allegations of the declaration or in the testimony adduced at the trial. The declaration does not allege and the proof does not show the kind of container in which the grapes were, or how the grapes were placed in that container, or where the container was located on the vegetable counter in relation to the particular part of the floor where the plaintiff walked.

In the absence of specific allegations and proof we cannot assume, any more than the trial justice could, that the container was defective, or that the grapes were improperly placed therein, or that the container was so located on the vegetable counter that, because of any or all of these conditions, the grapes were apt to fall on the floor, and especially at the place where the plaintiff fell. Having gone to trial on the merits on the only ground of negligence alleged in her declaration, it is too late for the plaintiff to now shift her position and attempt to avoid an adverse ruling by relying on an entirely different ground. During the entire trial she was apparently satisfied to rest on the ground of negligence set forth in the declaration, as she made no motion for an amendment thereof.

The case of *Royer* v. *Najarian,* 60 R. I. 368, 198 A. 562, upon which the plaintiff relies to support her contention that the defendant had actual knowledge of the dangerous condition of the floor in the instant case, involved a method of construction and the use of certain material in such construction, which reasonably might be dangerous under certain conditions. See also *Ziegler* v. *Providence Biltmore Hotel Co.,* 59 R. I. 326, 195 A. 397. The decision in that case, as in others of the same type, is inapplicable in the circumstances of the instant case. The same is true of that class of cases where a foreign substance is put upon the floor of a

store for purposes of maintenance. See *Faubert* v. *Shartenberg's, Inc., supra.*

There is no question that at the time of the accident the plaintiff was in the store as a customer at the defendant's implied invitation. But a storekeeper is not an insurer of the safety of a customer. His duty to the customer is to use reasonable care to keep the premises in a safe condition for the purposes of the invitation. *Royer* v. *Najarian, supra; Langley* v. *F. W. Woolworth Co.*, 47 R. I. 165.

The plaintiff brought and tried her case on the theory of constructive notice, and, having done so, she must prove such notice before she can recover. The evidence is clear and undisputed. There is no conflict of testimony that can reasonably lead to different conclusions. According to the testimony of McCarthy, the single grape, which the plaintiff claims was the cause of her fall, had been on the floor not more than four minutes, and probably less. This was the only testimony bearing on the question of constructive notice. We are clearly of the opinion that, as a matter of law, such a short period of time *alone* was not sufficient to charge the defendant with constructive notice of an existing dangerous condition which it was bound to remove. *DeVelin* v. *Swanson*, 72 A. 388 (R. I.); *Gorman* v. *Simon Brahm's Sons, Inc.*, 298 Pa. 142; *Bader* v. *Great Atlantic & Pacific Tea Co.*, 112 N. J. L. 241; *Coyne* v. *Mutual Grocery Co., Inc.*, 116 N. J. L. 36; *Varner* v. *Kroger Grocery & Baking Co.*, 75 S. W. 2d. 585.

The case of *Langley* v. *F. W. Woolworth Co., supra*, and the case of *Faltinali* v. *Great Atlantic & Pacific Tea Co.*, 55 R. I. 438, upon which the plaintiff relies to establish constructive notice in the instant case, are clearly distinguishable from the facts now before us. In the former case, the peanuts, which were the alleged cause of the plaintiff's fall, had been seen by another customer at the spot where the

plaintiff fell one hour before the accident "all crushed as though they had been walked over." In the latter case, the plaintiff's foot was injured when a fellow employee, slipping on some spinach that had been allowed to remain for some two hours on the floor in the vegetable section of the defendant's warehouse, let go of a barrel of potatoes which he and the plaintiff were loading on a hand truck. In both these cases the evidence was conflicting and the time element, which was substantial, was supported by circumstances which had a material bearing on the question of constructive notice.

We appreciate the difficulty presented by a case where time alone is the basis for constructive notice. Generally speaking, in order to charge a storekeeper with constructive notice of a dangerous condition in a store, it is necessary for the plaintiff to show that the dangerous condition existed for such length of time as to reasonably warrant the conclusion that the condition would have been discovered and removed had the storekeeper exercised due care. Whether negligence can reasonably be inferred from the evidence is a question of law for the court, but whether it should be so inferred is a question of fact for the jury. It necessarily follows that the determination of such question depends upon the particular facts in each case. We find no error in the decision of the trial justice in the circumstances of this case.

The plaintiff's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the nonsuit.

*Sheffield & Harvey, J. Russell Haire,* for plaintiff.

*Henry M. Boss,* for defendant.