LORETTA SYLVESTER *vs.* GRACE L. BUERHAUS.
LENORA SAN SOUCI *vs.* SAME.

JANUARY 4, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are actions of trespass for assault and battery and false imprisonment. They were tried together to a jury in the superior court and resulted in a directed verdict for the defendant in each case. The cases are here

on each plaintiff's exception to the decision of the trial justice granting defendant's motion for a directed verdict.

On December 15, 1939, at about 4:30 p.m., a police officer of the city of Cranston, without a warrant, arrested the plaintiffs at defendant's home, 128 Albert avenue, Cranston, and took them to the Cranston police station where they were held incommunicado until about 10 o'clock in the evening. They were then permitted to leave without any complaint having been lodged against them.

The plaintiffs, however, have not brought their actions for unlawful arrest and false imprisonment against the police but solely against the defendant, on the ground that she caused their arrest. They contend that the evidence raised an issue of fact whether she induced or instigated the arrest and that they were entitled to have that issue determined by the jury. They contend further that the trial justice invaded the jury's province in finding, as he did, "that this defendant does not appear by any evidence that has been produced here to be in any degree responsible, in a legal sense, for causing or procuring or bringing about this arrest."

The question here is thus a narrow one. Was the evidence such that, when viewed most favorably to the plaintiffs, the jury could reasonably have found verdicts in their favor? If it was, then the trial justice erred in granting defendant's motions for directed verdicts. We have carefully read the transcript and we are of the opinion that the evidence, when viewed without regard to its weight or the credibility of the witnesses and most favorably to the plaintiffs, raised an issue for the jury.

The facts in the case are simple. The plaintiff Lenora San Souci is the mother of plaintiff Loretta Sylvester. On December 13, 1939 they did some shopping at the defendant's gift shop in the Lapham Building on Westminster street in the city of Providence. While they were there, defendant told them that at her home in Cranston she had more beautiful things for sale, which they could see if they desired. She then gave them a card which she said would

authorize her maid at her home to admit them. On that same day, at about 1:30 p.m., they went to defendant's home and were admitted. They stayed approximately forty-five minutes and after making a few purchases they left. When they arrived at their home, Mrs. Sylvester discovered that her mother had forgotten the package containing their purchases. She thereupon telephoned to defendant's home and the maid answered and told her that the package was there. The plaintiff Mrs. Sylvester then said that she would drive over on the morrow and get it. Plaintiffs, however, were unable to go on that day but went on the next day, December 15. They telephoned to the maid that they were coming. They arrived at about 4:30 p.m. and were greeted by the defendant, who had apparently left her shop earlier than was her usual custom.

Shortly after plaintiffs had entered the house and while they were conversing with defendant, a man, who was without a coat and had a pistol in a holster strapped about his waist, came down the stairs leading from the second floor. They testified that while he was still on the stairs defendant nodded to him and that he then came over to them and told them to sit down on a settee in the room until he got further word from the police station. Defendant denied that she nodded; she also testified: "When I saw that police officer I was just as surprised as they were and I whirled on my heel and went straight upstairs." She further testified that she then called the Cranston police station and said merely "This is 128 Albert", and that the person at the station said nothing and hung up the receiver. Very soon thereafter a police sergeant and another police officer arrived in a Cranston police patrol car.

According to the testimony of Mrs. Sylvester, she asked the sergeant why they were being held and he replied that "it was orders from Mrs. Buerhaus to have us detained there and that we were to come to the station with him." When they arrived at the station Mrs. Sylvester was placed in one room and Mrs. San Souci in another. Thereupon Mrs. Syl-

vester asked and was denied permission to telephone her home. The officer in charge at the station questioned her about certain articles that were missing from defendant's home. She then learned for the first time that on December 13, after they had left defendant's home, the maid had missed those articles from their places on the tables where they were displayed and had telephoned to defendant, who told her to call the police. Any knowledge of the missing articles was denied by Mrs. Sylvester. She also testified that the officer in charge at the police station had told her that the defendant, Mrs. Buerhaus, called up to have her and her mother arrested.

The plaintiff Mrs. San Souci testified that she was not questioned at the station and was never informed why she was held until she was told by her daughter.

Later on the same night defendant and her maid were called to the station and there questioned. The nature of that investigation was not disclosed. Shortly thereafter plaintiffs were permitted to leave.

Some of the material testimony of the plaintiffs was contradicted by police officers who testified for the defendant. With such contradiction we are not concerned here, since on a motion for a directed verdict it is the duty of the trial justice to view all the evidence most favorably to the party against whom such motion is made. The rule obligates us to do the same when reviewing his decision on exceptions.

Viewing the evidence in that light, it is clear that the jury could reasonably have found that the defendant induced or instigated the arrest. Taking the testimony of Mrs. Sylvester at its face value, without weighing it or inquiring into its credibility, and drawing therefrom all inferences most favorable to the plaintiffs, the jury could reasonably have found that the defendant arranged and planned the method by means of which the plaintiffs were detained at her home and that she had directed their arrest.

In cases of this kind direct evidence is not essential to prove defendant's participation in an illegal arrest. It may

be inferred from circumstances. 25 C. J. 469, § 34. *Wright* v. *Hoover,* 211 Mo. App. 185. The extent to which that rule is applied is well illustrated by the facts of the following case: In *Standard Oil Co.* v. *Humphries,* 209 Ala. 493, the defendant's agent talked with the police officer out of hearing of the plaintiff and thereafter the officer said to the plaintiff: "We have decided to put you under bond", and thereupon the agent nodded. The court held that this significant incident, in connection with the other evidence, was sufficient for the jury to infer that the agent instigated the arrest.

In each case the plaintiff's exception to the trial justice's decision, granting defendant's motion for a directed verdict, is sustained and each case is remitted to the superior court for further proceedings.

*William A. Heathman, Frank H. Wildes,* for plaintiffs.

*Gardner, Day & Sawyer, Edward W. Day,* for defendant.