FRED A. VADNAIS *vs.* BENJAMIN RISKIN.
PEARL VACHER *vs.* SAME.
ROSE M. VADNAIS *vs.* SAME.
JUNE 9, 1950.
PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. These actions of trespass on the case for negligence were tried together in the superior court. The defendant is Benjamin Rifkin, but he is named in the writs and captions as "Riskin." The jury returned a verdict for the defendant in each case and thereafter the trial justice granted the motion of each plaintiff for a new trial. From that decision the defendant duly prosecuted his bill of exceptions to this court. He is now relying only on his exceptions to the refusal of the trial justice to grant his motion for a directed verdict in each case and to the granting of the motion of each plaintiff for a new trial.

The cases arose out of the collision of automobiles in Norwood in the commonwealth of Massachusetts on the afternoon of January 12, 1947. The evidence shows that the day was fair and visibility was good. All the parties were proceeding toward Boston on a four-lane highway. The plaintiffs were guests in an automobile owned and operated by Maurice Vacher. He was driving in the inside lane on his right side and at the time of the accident had stopped because a traffic light at an intersection showed red against him. Very soon thereafter an automobile operated by Leonard J. Driscoll came up and stopped a few feet behind Vacher. Then before the traffic light had changed and while the two cars above mentioned were stationary an automobile owned and operated by the defendant drove up behind Driscoll's car and ran into it

from the rear driving it into Vacher's car which in turn was pushed ahead some 15 or 20 feet. As a result of the accident the plaintiffs claim that they suffered injuries.

In support of his contention that verdicts should have been directed in his favor, defendant argues that the evidence does not sustain a finding that he was guilty of actionable negligence. Upon consideration we do not agree with the defendant on that issue. It is settled that in passing on a defendant's exception to the denial of his motion for a directed verdict we must view the evidence in a light most favorable to the plaintiff without regard to its weight or the credibility of the witnesses. There was testimony by the defendant to the general effect that when he applied the brakes of his automobile in order to stop behind the Driscoll car the automobile skidded on a patch of ice or wet place on the road and then struck the rear of that car. On the other hand there was evidence submitted on behalf of the plaintiffs tending to show that at the time of the accident the road in that location was dry and there were no patches of ice thereon. Further in cross-examination of the defendant it appeared that he "jammed" on his brakes when only a short distance from the stationary Driscoll automobile. From these and other facts in evidence the plaintiffs claim that an inference may be drawn that the defendant did not have his automobile under proper control.

It is clear that the conflicting evidence about the condition of the highway, which bore on the question of whether defendant's automobile skidded, and also other evidence respecting the manner in which such automobile was operated by him just prior to the collision, presented an issue of fact for the jury to determine as to whether defendant was guilty of negligence which was the proximate cause of the accident, or whether he was free from such negligence. In our opinion the trial justice ruled properly in denying defendant's motion for a directed verdict in

each case, and the latter's exception to such ruling is overruled.

The plaintiffs' motions for new trials were based on the usual grounds. In granting them the trial justice referred to matters which, in view of his definite findings, need not now be discussed. The defendant argues that when the motions were passed on the trial justice misconceived the evidence, and therefore that this court should itself review and weigh the evidence independently of his decision and apply the well-settled rule of law when it becomes necessary for an appellate court to so act. *Bradley* v. *Brayton*, 61 R. I. 44. We have examined the decision of the trial justice and we are of the opinion that in reaching it he did not misconceive the evidence. Therefore we are not called upon to apply the above rule, and the decision of the trial justice is entitled to be given the weight ordinarily accorded such a holding.

Furthermore, in our judgment he did not merely substitute his own opinion for that of the jury as the defendant contends. It is clear that the trial justice attempted to perform the duties required of him in the circumstances. In the exercise of his independent judgment he found that the verdicts did not do substantial justice; that they were against the great weight of the credible evidence; and he stated that he was favorably impressed by the plaintiffs and their witnesses. Upon consideration we cannot say that his decision granting the plaintiff's motion for a new trial in each case was clearly wrong, and the defendant's exception to such decision is without merit.

All of the defendant's exceptions in each case are overruled, and each case is remitted to the superior court for a new trial.

*Charles Sallet, Aram A. Arabian,* for plaintiffs.
*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant.