JAMES B. DOHERTY *vs.* PROVIDENCE JOURNAL COMPANY.

MAY 18, 1962.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action of trespass on the case for negligence. It was tried to a superior court justice who reserved decision on the defendant's motion for a directed verdict and submitted the case to a jury, which returned a verdict for the plaintiff in the sum of $5,000. The trial justice thereupon entered his decision denying the defendant's motion and the case is before us on the defendant's bill of exceptions, the sole exception being to the decision.

It is established by the record that at or about ten o'clock on the morning of September 18, 1958, plaintiff, who was a route salesman of bakery products, drove his delivery truck into the building of defendant corporation wherein was located a garage with a loading platform customarily used by defendant's trucks and those of business invitees. The plaintiff delivered bread and rolls five days weekly to defendant's cafeteria which was located on the second floor of the building, and on the day in question was making a regular stop at the regular time. It was raining slightly. He backed the truck to within two feet of the loading platform, leaving room to open its doors. He then filled his basket with bread and rolls, delivered them to the cafeteria, returned, placed his basket back in the truck, and on walking to the driver's seat slipped, fell heavily and sustained personal injuries.

The record further discloses that the garage area in ques-

tion was fairly large; that some twelve to eighteen trucks could be accommodated simultaneously at the loading platform; that the floor was of cement composition; and that at times the garage was very busy with the trucks of defendant and others moving in and out.

The plaintiff testified that after loading his basket he walked to his right diagonally across an open space large enough for several trucks; and that he walked in front of the parked trucks, climbed the three steps of the loading platform, walked along its length and took the freight elevator to the cafeteria. He further testified that he made delivery and returned to his truck; that on his return he walked down the stairs, not using the elevator; that from the loading platform to his truck he practically retraced his steps; that after placing the basket in the truck he started around the right side, being the same side he had used in getting to the back of the truck; that he was about four feet to the right of his truck when he slipped on "some slimy substance"; and that he was later taken to the hospital.

On cross-examination plaintiff testified that he was familiar with the premises; that the lighting conditions were satisfactory; that he always looked where he was going; and that in going from the cab of his truck to the rear he noticed nothing although he was looking at the floor.

Significantly plaintiff was not asked and neither he nor any other witness gave any estimate as to the period of time required for him to make his delivery and return.

Ralph M. Baker, building superintendent for defendant corporation, was called as a witness by plaintiff. He testified that among his duties was supervision of ten porters who were responsible for cleaning the garage; that each morning between eight and nine o'clock the porters thoroughly swept the garage floor; that if there were any grease or oil a chemical preparation named Zorbal was put on to absorb it and then swept up; that the same operation was

repeated in the afternoon; and that no special time was allotted for such cleaning. The witness' exact words in this regard were, "It probably is supposed to be done to the best of their ability, that is the way." He further testified that a head porter, who was not called as a witness, was responsible for supervision of the other porters in Baker's absence and that he, Baker, did not supervise the help on the day in question.

The declaration alleges in substance that defendant was in control of the premises; that it knew plaintiff frequently used them for deliveries; that through its agents and servants defendant suffered and permitted the floor to be left in a hazardous condition; and that it carelessly and negligently allowed accumulations of oil and water to remain on the floor so that plaintiff, although in the exercise of due care, nevertheless sustained serious injuries as a direct result of defendant's negligence.

The plaintiff did not contend and made no effort to prove that defendant had actual knowledge of the oil and water on which he allegedly slipped, but tried his case on the theory of constructive notice.

After plaintiff rested, defendant did also and moved for a directed verdict on the grounds that plaintiff had failed to prove that the "slimy substance" consisted of oil and water and that there was no testimony, or reasonable inferences to be drawn therefrom, which would support a finding of constructive notice. The trial justice reserved his decision pursuant to Rule 46 of the rules of the superior court and submitted the case to the jury.

In support of its contention that plaintiff had failed to prove that the slimy substance on which he had apparently slipped was composed of oil and water as alleged in the declaration, defendant argues that the substance was not analyzed; that there was no evidence whatsoever of what it consisted; and that it might have been cream or jelly

from plaintiff's own bakery products with as much likelihood as oil and water.

The trial justice, drawing all inferences adversely to defendant and favorable to plaintiff as he was required to do, concluded from all of the evidence that the substance might reasonably be supposed to have been oil and that some water was present. Whether he was warranted in his conclusion need not be considered in the view we take of defendant's remaining contention.

In reaching his decision on the question of constructive notice the trial justice commented as follows: "It would seem to me that it would be a reasonable and fair inference for the Jury from this evidence to say that this substance was there when this plaintiff backed in and that it was the same situation and continued when he came back from making his deliveries. We don't have any particular time schedule on that, that is, there is no statement in the evidence as to how long it took him to walk up to the delivery place and walk back from there, and what he did there except to make his deliveries, and how long it took to do that and what was involved in that; whether there was any exchange of slips and charges on paper, or anything of that kind, or payment of money, whether there was any consultation, whether there was anything we don't know. The evidence indicates he went up, made his delivery, came down and went back. It seems to me there was a question of fact whether or not that time lapse was sufficient to put the defendant on notice of the existence of this condition. There was sufficient evidence to go to the Jury upon the question of whether or not the defendant had constructive notice of the condition as having existed at the time in question."

The defendant contends in effect that in the absence of any evidence whatsoever as to the time involved, no reasonable inference could be made and that the jury could

only speculate. We are of the opinion that there is merit in this contention.

The plaintiff argues, however, that since the jury took a view it was within their powers of deduction reasonably to estimate the time involved. The effect of such an argument is to substitute a view for evidence which, in a long line of cases, we have held to be contrary to the true office of a view. It is to aid the jury to understand the evidence and is not evidence in itself. *Davis* v. *Joslin Mfg. Co.*, 29 R. I. 101. The plaintiff's argument in this regard as we understand it is that the jury, having covered the same route in taking the view, could fairly approximate the time consumed by plaintiff on the day of his injury. This argument is fallacious. Whether the jury took more or less time is open only to speculation.

Moreover, any such estimate of time takes into consideration an inference made by the trial justice which was not warranted, namely, that the substance was on the floor at the time plaintiff parked his truck. The plaintiff testified that he did not see the substance at any time although as he says, "I always look where I am going." In the light of his admitted knowledge that the garage was a busy place, with trucks making all sorts of deliveries, there is no justification for the assumption that the substance was present when plaintiff arrived.

Furthermore, if it is to be assumed that plaintiff's absence was of sufficient duration to establish defendant's constructive notice it is likewise open to the proposition that the duration was sufficient in time for the arrival and departure of another and unidentified business invitee from whose truck the substance could have fallen, theoretically reducing to seconds the time in which defendant could have learned of it.

We have heretofore held that one owing such a duty as the defendant at bar owed to plaintiff is not an insurer of

an invitee's safety. *Shea* v. *First National Stores, Inc.,* 63 R. I. 85. In that case this court stated at page 90, "We appreciate the difficulty presented by a case where time alone is the basis for constructive notice."

Here, too, time alone becomes the controlling factor and there is no evidence, or reasonable inference to be drawn therefrom, that from the moment the substance in question rendered the condition of the floor hazardous to the moment the plaintiff's foot encountered it was of such duration that the defendant in the exercise of due care should have discovered and removed it.

The defendant's exception to the denial of its motion for a directed verdict is sustained, and on June 6, 1962 the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

ROBERTS, J., dissenting. In denying the defendant's motion for a directed verdict, the trial justice relied primarily on his conclusion that the state of the evidence was such as to support a reasonable inference that the substance upon which the plaintiff alleges that he slipped was on the floor of the defendant's garage at the time the plaintiff arrived at the loading platform with his truck. There is in the record evidence that it was the defendant's practice to clean the garage floor twice daily, and when it was necessary to remove oily deposits, a chemical preparation was used for this purpose. It appears further from the evidence that when the plaintiff arrived at the defendant's garage, he carried a basket of bread and rolls to the second floor of the building to make a delivery thereof at the cafeteria. He then returned to the first floor and went to the loading platform and, after placing his basket in the truck, started to walk toward the driver's seat. It was at this time that he slipped and fell.

It appears that the majority accepts defendant's contention that this evidence is not sufficient to support a reasonable inference concerning the length of time that the deposit was on the garage floor and that the jury could only speculate as to the duration of that period of time. The majority, as I understand its position, characterizes the conclusion of the trial justice as speculative, finding that the evidence in the record is without probative force. I am of the opinion that in so doing the majority is weighing the evidence contrary to our well-settled rule that when this court reviews a decision made on a motion for the direction of a verdict, we will not weigh the evidence. *Vadnais* v. *Riskin*, 77 R. I. 131.

It appears further from the opinion that the majority took the view that if the evidence relating to the time plaintiff was absent from his truck making the delivery established it to be of a sufficient duration to charge defendant with constructive notice, "it is likewise open to the proposition that the duration was sufficient in time for the arrival and departure of another and unidentified business invitee from whose truck the substance could have fallen, theoretically reducing to seconds the time in which defendant could have learned of it." I find the conclusion inescapable that this amounts to the drawing of an inference from the evidence that is favorable to the moving party and is again contrary to our well-settled rule that on a motion to direct a verdict only those inferences are to be drawn which favor the non-moving party. *Sylvester* v. *Buerhaus*, 71 R. I. 335.

For these reasons I am constrained to dissent from the opinion of the majority.

SHOW CAUSE HEARING.

JUNE 21, 1962.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through his at-

torney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the defendant. At that time the plaintiff presented reasons orally in support of his contention that the trial justice's decision should not be disturbed, and later by leave of court he also filed a brief.

After careful consideration of the argument and brief, the majority of the court is of the opinion that the plaintiff has failed to show cause why our conclusion should be changed. Therefore the case is remitted to the superior court for entry of judgment for the defendant as directed in the opinion.

*Gallogly, Beals & Tiernan, Robert O. Tiernan, David F. Sweeney,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman, James M. Shannahan,* for defendant.