CLARICE M. PRIESTLEY *vs.* FIRST NATIONAL STORES, INC.

DECEMBER 3, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.   This action of trespass on the case for negligence was tried in the superior court to a jury and at the conclusion of the evidence the defendant moved for a directed verdict.   In accordance with rule 46 of the rules

of the superior court the trial justice reserved consideration of the motion and submitted the case to the jury. They returned a verdict for the plaintiff which the trial justice set aside and in lieu thereof directed a verdict for the defendant. The case is here solely on the plaintiff's exception to such ruling.

The plaintiff contends that on a view of the evidence most favorable to her and without regard to any question of credibility there was a reasonable basis for submitting the case to the jury. A brief summary of the evidence is as follows. On Friday, October 30, 1959, at 1:40 p.m., plaintiff slipped on a "crushed banana" at the entranceway to defendant's store which she and her husband were about to enter to shop. He was walking directly behind her and when she slipped he noticed the banana and later that some of it had adhered to her shoe. He also noticed a partly-eaten apple near the banana which he pointed out to her.

The plaintiff described the banana as "all mashed up on the ground," and "dirty brown, like it had been there quite awhile." Most of the apple, she testified, was dark brown, rotted and squashed. Her husband described the banana as very badly squashed, flattened, dark color, brownish black, and there was dirt in it. He called it "ordinary scuffed dirt" that looked as though people had been walking on it.

The store was referred to as of average size with one entrance for customers. The manager testified that it served between 1,000 and 1,100 customers on Fridays but the number was lightest between 12:30 and 2:30 p.m. It also appeared that the incoming door at the customers' entrance was the most heavily traveled portion of the store and that the employees who assisted customers with the shopping carts containing their purchases were constantly going in and out to bring back the carts into the store.

According to the manager the entranceway was usually

swept each morning at 8:45 and that he checked it as he went in and out of the store. He also testified that when "conditions prevail" employees are assigned to go out and sweep the sidewalk. He did not recall assigning any employee on the day of plaintiff's accident. On that day he went out for lunch at 1:10 p.m. and did not see anything. However, plaintiff testified that in an interview with her after the accident he stated that the employees should have noticed the condition of the entranceway. The manager denied making such a statement.

Apparently the trial justice felt that the evidence did not furnish a basis for the jury to draw a reasonable inference that defendant should have known of the dangerous condition at the entrance to the store. He acknowledged that it was the province of the jury to draw inferences from the evidence, but he pointed out that it was the prior duty of the court to determine whether there was any evidence from which a reasonable inference of constructive notice to defendant could be drawn. The plaintiff concedes this but she argues that he did not consider the evidence in a light most favorable to her as he was bound to do.

After reading the transcript we appreciate the difficulty which confronted the trial justice. The plaintiff's evidence is not strongly probative of the point at issue. It is not direct but circumstantial. However, we think it is just barely sufficient to require submission of the case to the jury under our established rule governing consideration of a motion for a directed verdict.

In considering such a motion the trial justice must view the evidence most favorably to the party against whom it is made without regard to any question of credibility. And on review of his decision here this court is bound by the same rule. *Watson* v. *Durepo,* 76 R. I. 375; *Sylvester* v. *Buerhaus,* 71 R. I. 335. Viewing the evidence in this light without weighing it and in complete disregard of credibility

we are of the opinion that the trial justice erred in setting aside the jury's verdict and directing a verdict for defendant.

In so holding we are satisfied that our decision is not at variance with the holdings of this court in *Shea* v. *First National Stores, Inc.*, 63 R. I. 85, and *Thomas* v. *J. Samuels & Bro., Inc.*, 47 R. I. 206, upon which defendant relies in support of the trial justice's decision. The facts in *Shea* were not comparable to those in the case at bar. In that case the condition complained of existed for only four or five minutes before the accident happened. Here there were circumstances which clearly differentiate the factual situation from that in *Shea*.

In our opinion a reasonable inference of constructive notice could have been drawn from those circumstances. Whether other evidence to the contrary tended to overcome such inference was not open to the court to consider on the motion before it. *Reddington* v. *Getchell*, 40 R. I. 463. Rather every reasonable intendment of the evidence was to be made in favor of the party adverse to the motion. *Gallo* v. *American Egg Co.*, 76 R. I. 450. The test of constructive notice is not dependent upon the lapse of time alone but upon the special circumstances prevailing in each particular case. *Langley* v. *F. W. Woolworth Co.*, 47 R. I. 165.

The facts in *Thomas* v. *J. Samuels & Bro., Inc., supra*, were also dissimilar. In that case the plaintiff slipped on a banana peel partly discolored, dark or almost black on the floor of the defendant's elevator. It was not there when the operator inspected the elevator at the first floor. We pointed out that even assuming it was there when the elevator reached the fifth floor there was no legal duty to make another inspection at that time. And the reason we said was that: "The operator's attention necessarily and properly was centered on the control of her car and of the ap-

pliances permitting ingress and egress of passengers. 'Glancing' around was all that reasonably could be expected. The peel was not easily recognizable. It was at the back of the car behind, and at least seven feet from, the operator."

In the case at bar both parties have cited a number of cases from other jurisdictions but we do not deem it necessary to discuss them. In our opinion the cases in this jurisdiction which are illustrative of the point at issue are sufficient for our present purpose.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Anthony Grilli, Anthony E. Grilli,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for defendant.