ALBERT GALLO *vs.* AMERICAN EGG COMPANY.

MARCH 15, 1950.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case for negligence. A trial in the superior court resulted in a verdict of $5000 for the plaintiff. The defendant's motion for a new trial was denied by the trial justice and thereafter it duly prosecuted its bill of exceptions to this court. The exceptions relied on are to the denial of that motion, to the failure of the trial justice to grant its motion for a directed verdict, to his refusal to give to the jury certain requested instructions, and to portions of the charge as given.

The case was brought to recover damages by reason of injuries to the plaintiff's person and to his automobile growing out of a collision between such automobile and a truck owned by the defendant company. It appears from the evidence that the accident happened on Canal street in the city of Providence about 5:30 a.m. on November 29, 1947. The weather at that time was clear and the road, which was paved with cobblestones, was dry. Canal street according to the testimony was used chiefly by wholesale dealers in foodstuffs. At the place where the accident occurred that street, which is about 50 feet wide, runs approximately north and south and is straight for a considerable distance thus providing an unobstructed view in both directions.

The evidence which is conflicting in many particulars shows that the plaintiff, who was thirty-six years of age,

was alone and driving his automobile in a southerly direction on Canal street toward the center of the city on his way to open for daily business a small restaurant which he owned and personally operated in Providence. The defendant's truck operated by Samuel Berger, who conducted a garage on the easterly side of Canal street a short distance south of the defendant's place of business, was driven out of the garage into Canal street. As a result of the ensuing collision between the two vehicles the plaintiff was severely injured and his automobile badly damaged.

According to evidence which was introduced on behalf of the plaintiff he was driving on his right-hand or westerly side of Canal street at about 20 miles per hour and had his lights on. The automobile was in good condition and its brakes had been checked. Trucks were parked on both sides of the street. When he was approximately 20 feet from a garage on his left or easterly side of the street the defendant's truck, without any lights on, was driven suddenly out of the garage at a fast speed and proceeded across the street bearing somewhat to its left directly in front of him. The plaintiff put on his brakes, turned to his left in an effort to pass behind the truck but was unable to do so, and he struck it in the rear on its right side. He testified that he was dazed after the accident and denied making any statement at that time to the effect that he was late in opening his restaurant that morning.

Evidence for the defendant was to the effect that the operator of its truck drove out of the garage at a speed of less than five miles per hour because there was a drop of 18 inches at the garage door. When he reached the curb on Canal street he stopped before proceeding further and looked in both directions but saw no traffic approaching. He could see a distance of at least 500 feet to his right on Canal street, which was the direction from which the plaintiff came. Trucks were then parked on that side of the street. The headlights and the taillight of the truck were lighted. When he saw that no traffic was moving toward

him he crossed Canal street until his right front wheel was 10 or 12 feet from the westerly curbing of that street. He then started to turn south when the plaintiff's automobile struck the rear of the truck, running partly under its chassis. The operator of the truck testified that after the accident the plaintiff stated he had not seen the truck and that he was late in opening his restaurant.

In support of its contention that the trial justice should have directed a verdict in its favor the defendant argues that as a matter of law the plaintiff failed to establish that he was free from any negligence which contributed to his injuries, since it appeared from the uncontradicted evidence that he did not see the defendant's truck until he was approximately 18 feet away from it. On this issue, however, the plaintiff's answer in substance is that he did not see the truck sooner because it came out of the garage "awful fast" directly in front of his automobile. This state of the evidence, considered together with other conflicting facts relating to the manner in which the accident happened, clearly made the question whether the plaintiff was guilty of contributory negligence an issue for the jury to determine and not a question of law for the trial justice to pass upon.

The defendant also argues that its motion for a directed verdict should have been granted inasmuch as the evidence showed that the operator of the defendant's truck at the time of the accident was a bailee for whose conduct it was not liable to the plaintiff. The latter, on the other hand, contends that in the circumstances Berger, who conducted the garage from which he drove the defendant's truck, should not as a matter of law be held to be the defendant's bailee, at least in respect to the removal of the truck from the garage, but that he was an agent of the defendant when so acting and at the time of the accident.

For his right to hold the defendant liable, the plaintiff relies on the provisions of public laws 1940, chapter 867, sec. 10, a part of which reads as follows: "Whenever any

motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle * * *. Evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be prima facie evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative defence to be set up in the answer and proved by the defendant."

That section and earlier statutes relating to the same subject have been before this court for construction several times. It is unnecessary for the purpose of deciding the instant case to refer specifically to all those opinions, but it may be noted that under statutes similar to the one above quoted it has been held that an owner of an automobile is not responsible for the conduct of his bailee. *Ford* v. *Dorcus*, 54 R. I. 1; *Emond* v. *Fallon*, 56 R. I. 419. In *Kent* v. *Draper Soap Co.*, 75 R. I. 30, where the cases are collected, the court made the following statement at page 574: "The different provisions in the present statute have been fully construed in the above-cited cases. Two very definite results appear from the opinions therein. First, if the owner of a motor vehicle registered in his name permits another, not his lessee or bailee, to operate such vehicle, with his consent upon a public highway the operator of such vehicle, in the case of accident, shall be considered as the agent of the owner, irrespective of the rules of agency at common law." Also in *Baker* v. *Rhode Island Ice Co.*, 72 R. I. 262, at page 267, the court held: "In our opinion it is clear from those cases that, where consent to operate is proved, the part of §10 with which we are here concerned created a new liability which attached to the owner of an automobile who permitted another, not his bailee or lessee, to operate it upon the public highway."

The defendant is not claiming that Berger was operating the truck without its consent. In fact in its brief it takes the position that consent has no bearing on the question of the existence of a bailment where consent to operate is necessarily admitted. In this case the defendant filed a special plea setting up in substance that when the accident happened its truck was being operated by a garageman who had possession of the vehicle by virtue of an express agreement of bailment and that it was not legally responsible for his conduct. In other words, the defendant urges that it successfully upheld its plea and established as a defense to the above-mentioned statutory liability, or any common-law liability, that Berger was at the time in question not its agent but the bailee of its truck. This court in *Emond* v. *Fallon, supra,* at page 425, approved the following definition of such a relationship: "A bailment may be defined as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be."

It becomes necessary therefore to consider the evidence bearing upon the issue of the alleged bailment. The president of the defendant company testified in substance that under an oral arrangement made by him over two years before the trial Berger was to keep the defendant's trucks in his garage, which was near its place of business, "gas the trucks, oil them, service them, put them away at night and pull them out in the morning." In moving the trucks Berger was to use his own judgment as to the route he took. In cross-examination this witness stated that the defendant paid only for the storing and servicing of the trucks. He also testified as follows: "Q. It's a fact that all of this placing the trucks on the road in the morning is done as a convenience to you, to have your trucks heading

in the right direction, so your drivers can take them? A. Yes."

As a witness for the defendant Berger testified in general that he stored three trucks for the defendant company; that in the morning he serviced them, got them ready for the drivers and then under instructions from the defendant or its drivers put the trucks right at its door or loading platform on a certain lane between the defendant's place of business and the garage. In cross-examination the witness stated that he received instructions where to put the trucks from the president of the defendant company and also on slips left in the trucks at night; that at the time of the accident he received from the defendant $25 a month for the storage of the trucks and additional pay for oil, gasoline and servicing. He then testified as follows: "Q. Were you paid anything for this service to put them to the door? A. Nothing. Q. That was done at their request? A. Yes. Q. And left where they asked you to leave them? A. Yes. Q. And you were paid nothing for it? A. Nothing for that service at all."

It is the defendant's contention that from the evidence submitted it appeared as a matter of law that the entire transaction between it and Berger amounted to a continuous bailment to him of the trucks; that it was not responsible for his conduct during the time the trucks were in his possession and control and that the trial justice should therefore have directed a verdict in its favor. However, the plaintiff in substance maintains that even if the storage of the trucks overnight and their servicing amounted to a bailment, their delivery thereafter at the defendant's door was done at its direction, without any remuneration and was entirely for its accommodation and convenience, and that in so acting Berger was defendant's agent. In other words, the question thus raised was whether the alleged bailment proper terminated in the garage after the trucks were serviced or after their delivery at the defendant's loading platform.

458

It is well settled that on a motion for a directed verdict every reasonable inference from the evidence must be drawn in favor of the adverse party. Upon consideration of the evidence we are of the opinion that the trial justice ruled correctly in denying the defendant's motion and in submitting to the jury the question of whether at the time of the accident Berger was an independent contractor and the defendant's bailee or was its agent. In *Massart* v. *Narragansett Electric Co.,* 54 R. I. 154, this court sustained a similar ruling by a trial justice in a case involving an alleged bailment. In the instant case evidence on the above issue was indefinite, conflicting and open to different reasonable inferences, particularly in respect to the extent of any agreement involving a possible bailment of the trucks and whether the moving of the trucks from the garage was in the course of redelivery to defendant as bailor as part of such agreement, or was merely a favor or accommodation extended to the defendant without obligation by Berger, who in so doing was acting as its agent and under its direction. See *Andres* v. *Cox,* 223 Mo. App. 1139.

In support of its motion for a directed verdict the defendant apparently also argues that the plaintiff as a matter of law failed to prove that Berger at the time of the accident was the defendant's agent. If the plaintiff was claiming that Berger was its agent at common law only that argument might require consideration. Here, however, the plaintiff is relying on the statutory agency created by sec. 10, *supra.* That agency was shown *prima facie* by the admitted proof of registration of the truck to the defendant and became conclusive unless the latter in the circumstances herein could prove lack of consent in Berger to operate it or a bailment thereof to him. The defendant did not deny the consent to operate but did attempt to establish a bailment of the truck to Berger covering the time of the accident. In that situation the plaintiff was entitled without other proof of agency to rely as a matter of law on the agency created by the statute and, as herein-

before indicated, the issue of bailment was properly submitted to the jury on the state of the evidence. The defendant takes nothing by the above contention and its exception to the denial of its motion for a directed verdict is overruled.

We have examined the instruction which the defendant requested the trial justice to give to the jury. In our judgment it was rightly refused. It related to only one phase of the evidence in the case and was so sweeping in character that in effect it was practically equivalent to a direction of a verdict for the defendant. The latter also has excepted to portions of the charge wherein the trial justice instructed the jury that the defendant had the burden of proving by a fair preponderance of the evidence that there was a bailment of its truck to Berger in this case. The defendant concedes that it has the duty to go forward with evidence on the above issue but contends that it does not have the burden of proof thereon as set out in the charge. We are unable to agree with that contention and find that the charge as given was without error in this respect.

The burden of proof in that connection was imposed upon the defendant, not by any provision in the statute, as in the instance of a claim of lack of consent, but under the general principles of common-law pleading. In our judgment the general rule is applicable herein and is stated in *Collier* v. *Jenks,* 19 R. I. 493, at page 496, to be as follows: "The burden of proving any fact lies upon the party who substantially asserts the affirmative of the issue." The defendant's exceptions to the failure of the trial justice to charge as requested and also to the charge as given are overruled.

The remaining exception is to the refusal of the trial justice to grant defendant's motion for a new trial based on the usual grounds. In passing on the motion and in referring to the question of liability he stated that in his opinion substantial justice was done by the verdict and

that there was evidence which justified the jury in reaching its conclusion on that issue. He then carefully reviewed the amount of the damages awarded and came to the conclusion that in the circumstances he was not prepared to say that the verdict was grossly excessive. Under our well-settled rule the decision of the trial justice on such a motion is ordinarily entitled to great weight.

In support of its exception the defendant, although referring to evidence allegedly showing that the plaintiff was guilty of contributory negligence, relies chiefly on its contention that the amount of the verdict is grossly excessive. We have examined the evidence bearing on that question. It appears that as a result of the accident the plaintiff's automobile was so badly damaged that it was sold as junk; his chest and abdomen were severely bruised as were his left arm and right leg at the knee; three ribs on his left side were fractured, two others were cracked and three ribs on his right side were somewhat injured; also his lower back and neck were strained; and his nervous system was affected. He suffered steady pain for three weeks especially in breathing and thereafter intermittent pain for which he was given drugs. He was discharged by the doctor after three months' treatment which included strapping, therapy, short wave and heat, but he testified that he still felt the effects of the accident.

There was evidence from which the jury could find that his actual money loss covering doctors' bills, X-ray costs, treatment at the hospital immediately after the accident, damage to his automobile and loss of income from his restaurant amounted to approximately $1600. There was also evidence that before the accident the plaintiff stuttered to some extent and that the nervous shock he suffered at that time seriously aggravated and increased this impediment in his speech. An examination of the transcript of the evidence as reported clearly shows that at the time of the trial the plaintiff on occasion had considerable difficulty in expressing himself. Presumably the amount of the

verdict in excess of $1600 was for the plaintiff's pain and suffering, any future results of the accident, and the injury to his nervous system which allegedly aggravated his speech impediment.

Although at first impression the verdict seems large, nevertheless upon consideration of the pertinent evidence and in view of the decision of the trial justice who saw and heard the witnesses, we are unable to find that it is *grossly* excessive. We cannot say that the action of the trial justice in denying the defendant's motion was clearly wrong, and its exception to his decision is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiff.

*Boss & Conlan, John T. Keenan,* for defendant.