261 A.2d 636.

ANNE BATTISTA *et al. vs.* VINCENT J. MUSCATELLI *et al.*
LISA FITCH, *p.a., et al. vs.* ANNE BATTISTA *et al.*

FEBRUARY 4, 1970.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.   These are two civil actions for negligence arising out of a collision between two motor vehicles on a public highway in this state.   They were consolidated for argument in this court following an appeal by each plaintiff from a final judgment of the Superior Court entered pursuant to an order of a justice of said court granting the defendant Fiore Pontiac, Inc.'s motion for summary judgment in each case.

The pleadings establish that on July 11, 1966, plaintiff, Lisa Fitch, a minor, was riding as a passenger in a car being operated by one Anne Battista when said car was involved in a collision with a motor vehicle being operated by one Vincent J. Muscatelli and owned by defendant Fiore Pontiac, Inc., hereinafter called Fiore.   They further establish that said Vincent J. Muscatelli was employed by Peter Rivelli who, d/b/a Auto-Brite Company, was engaged in the business of servicing automobiles including the polishing thereof.

As a consequence of said collision, Lisa Fitch, by her father and next friend, Paul Fitch, alleging personal injuries, and her father, for expenses incurred, commenced a civil action on June 5, 1968, in which they named as defendants Anne Battista, operator of the car in which Lisa was a passenger, Fiore, Peter Rivelli and Vincent Muscatelli.   In their complaint, they allege that Muscatelli, at the time of the accident, was an employee of Rivelli, and further, that Fiore was the registered owner of the car being operated by Muscatelli.   Consequently, their claims against Fiore were predicated on the provisions of G. L. 1956, §§31-33-6 and 7.   (See Appendix.)

On June 10, 1968, Frances R. Fitch, owner of the car being operated by Anne Battista, as well as said Anne Battista and her father, Alfred Battista, joined in commencing a second civil action against Muscatelli and Fiore.   They did not include Peter Rivelli d/b/a Auto-Brite Company

and rested their claims against Fiore on the allegation that, at the time and place of the accident, Fiore "* * * was the owner of a motor vehicle being operated with its consent by its agent and servant, Vincent J. Muscatelli * * *." Not having alleged that Fiore was the registered owner, these plaintiffs predicated their claims solely on §31-33-6. (See Appendix.)

To both such civil actions defendant Fiore seasonably answered, denying that it was the registered or legally responsible owner of the motor vehicle being operated by Muscatelli. Rather, it affirmatively pleaded that, at the time of the accident, the car being operated by Muscatelli was the subject of a commercial bailment between it and Rivelli d/b/a Auto-Brite Company, and was being operated by Muscatelli on behalf of the latter.

Subsequently, on July 19, 1968, Fiore filed a motion for summary judgment in each case. In connection with said motions, brought under Rule 56(b) of the Superior Court Rules of Civil Procedure, Fiore, acting through its appropriate officer, filed supporting affidavits as provided by said rule. Each such affidavit, as is pertinent to the instant appeals, asserts, as facts, the following:

"2. That Fiore Pontiac, Inc. is in the business of selling new motor vehicles and of re-conditioning and selling used motor vehicles, and of repairing motor vehicles.

"3. That on, to wit, July 11, 1966, Peter Rivelli d/b/a Auto-Brite Company, through his agent and employee, Vincent Muscatelli, took possession and control of a 1964 Chevrolet owned by Fiore Pontiac, Inc. for the purpose of performing certain work on said motor vehicle and that said motor vehicle was involved in the accident mentioned in the complaint.

"4. That Peter Rivelli d/b/a Auto-Brite Company took possession and control of said motor vehicle pursuant to an agreement between Fiore Pontiac, Inc. and Peter Rivelli d/b/a Auto-Brite Company whereby Peter Rivelli d/b/a Auto-Brite Company would perform

certain work upon said motor vehicle for an agreed charge and return said motor vehicle.

"5. That Vincent Muscatelli was operating said motor vehicle at the time of the accident mentioned in the complaint with the consent of Peter Rivelli d/b/a Auto-Brite Company and as the employee of and on the business of Peter Rivelli d/b/a Auto-Brite Company and not with the consent of Fiore Pontiac, Inc. and not as an agent, employee or on the business of Fiore Pontiac, Inc.

"6. That at the time of the accident said motor vehicle was the subject of a commercial bailment from Fiore Pontiac, Inc. to Peter Rivelli d/b/a Auto-Brite Company, was being operated by said Peter Rivelli d/b/a Auto-Brite Company, and was registered to Peter Rivelli d/b/a Auto-Brite Company under Rhode Island Bailee plates #7285."

At the time Fiore filed its motions and supporting affidavits, the defendants, Rivelli and Muscatelli, had not answered to the complaint of Lisa Fitch, nor had Muscatelli answered to the complaint of Anne Battista, Alfred Battista and Frances R. Fitch. Further, in this latter case, plaintiffs filed no counter affidavits.

However, in the case of Lisa and Paul Fitch versus Fiore, counsel for plaintiffs filed what purported to be a counter-affidavit. This instrument, in pertinent part, is as follows:

"That the Affidavit in support of the motion for summary judgment filed by the defendant, Fiore Pontiac, Inc., is insufficient and contradictory on its face in that notwithstanding the statement in paragraph 5 that the vehicle was being operated without the consent of the said defendant, Fiore Pontiac, Inc., it appears from the other statements in the Affidavit that the said defendant, Fiore Pontiac, Inc., did give its consent for the operation of the vehicle. Furthermore, on the basis of the investigation of this claim, the plaintiffs and counsel for the plaintiffs have reason to believe that the said defendant did give its consent to operate, so that there is a genuine issue of fact with respect to consent to operate. Also, the Affidavit is

insufficient in alleging an agreement between the said defendant, Fiore Pontiac, Inc., and the co-defendant, Rivelli, without specifying the terms of that agreement in order to determine its legal effect. On the basis of the Affidavit and the record of this case at the present time, it appears that there is a genuine issue of fact with respect to the contents of the aforesaid agreement and, therefore, to its legal effect."

The motion for summary judgment in each case was heard in the Superior Court on September 20, 1968, and decision reserved. On that date, defendants, Rivelli and Muscatelli, had still not answered to the complaint filed by Lisa and her father, nor had defendant Muscatelli answered to the complaint of Anne Battista, Alfred Battista and Frances R. Fitch. In point of fact, defendants, Rivelli and Muscatelli, filed their answers to the complaint of Lisa and her father on October 1, 1968, and defendant Muscatelli filed his answer to the complaint of Anne Battista et al. on October 28, 1968.

In their answers to the complaint of Lisa and her father, defendants Rivelli and Muscatelli admitted, as alleged in the complaint, that, at the time of the accident, Muscatelli was employed by Rivelli and that, at the time of the accident, the vehicle owned by Fiore was being delivered to Fiore by Muscatelli on behalf of Rivelli.

In his answer to the complaint of Anne Battista et al., defendant Muscatelli admitted that, at the time of the accident, he was operating the vehicle owned by Fiore; he further admitted that he was operating it with Fiore's consent, but neither admitted nor denied that he was the agent or servant of Fiore as plaintiffs allege.

Subsequent to the October 1 and October 28 answers of the respective defendants, specifically on November 18, 1968, the Superior Court justice, before whom they had been heard, granted Fiore's motions for summary judgment against all plaintiffs.

Although, for obvious reasons, we permitted the consolidation of the appeals in both cases for arguments in this court, the Superior Court justice rendered separate written decisions.

# I

## Appeal of Lisa and Paul Fitch

In passing on Fiore's motion, the Superior Court justice examined the pleadings to determine the issues in accordance with the procedure set forth in Rule 56(c) of the Superior Court Rules of Civil Procedure. *Slefkin* v. *Tarkomian,* 103 R. I. 495, 238 A.2d 742. Noting inferentially that plaintiffs based their claims against Fiore on the grounds that it was the registered owner of the motor vehicle being operated by Muscatelli, and that, by virtue of §31-33-7, Muscatelli was driving with the implied consent of Fiore, which allegation of registered ownership Fiore denied in its answer, the Superior Court justice recognized that there was a genuine issue of a material fact on the question of registration. He then examined Fiore's supporting affidavit and the counter-affidavit supplied by plaintiffs' attorney. Emphasizing the assertions of fact in paragraph 6 of Fiore's affidavit that the car owned by the latter and driven by Muscatelli was not registered to Fiore at the time of the accident, but rather was registered to Peter Rivelli d/b/a Auto-Brite Company in that the car was bearing the latter's bailee plates #7285, the Superior Court justice then turned to plaintiffs' counter-affidavit to determine whether it raised a genuine issue on the question of registration.

Having done this, he states in his rescript that plaintiffs' counter-affidavit was more in the nature of a summary of arguments, and the only assertion approaching a statement of fact was that plaintiffs "have reason to believe" there was consent to operate. This, he held, in effect, was not

such a statement of fact as would be admitted in evidence[1] whereas, Fiore's categorical assertion that the car was registered to Rivelli, having been made by one competent to testify, would be admissible and, uncontradicted, controlling.

Having made this determination, he further held that, there being no genuine issue of fact with regard to Fiore's sworn assertion that the car was registered to Rivelli d/b/a Auto-Brite Company, plaintiffs could not prevail on the authority of the implied consent mandated by §31-33-7. (See Appendix.)

In support of their appeal, plaintiffs argue that the Superior Court justice's determination, based on Fiore's affidavit, that at the time of the accident the Fiore car was legally registered to Rivelli d/b/a Auto-Brite Company, can be sustained by this court only if we were to hold, as a matter of law, that the affixing, for temporary use, by a bailee of plates issued to him to a car registered to another constitutes a revocation of a validly subsisting motor vehicle registration. Such a holding, plaintiffs vigorously argue, is wholly untenable for the reason that there is no legislative authority for such a proposition. In support of such contention, they refer our attention to those sections of the General Laws whereby the General Assembly has provided for the termination, revocation or suspension of a validly

---

[1]It may be that the circumstances discovered by plaintiffs in the investigation referred to in their counter-affidavit would constitute statements of fact sufficient to put Fiore's affidavit statements in issue. but merely referring to them as giving reason to believe is clearly conclusionary. *Cottrell Employees Credit Union* v. *Pavelski,* 106 R. I. 29, 255 A.2d 162; *Washington Trust Co.* v. *Fatone,* 104 R. I. 426 244 A.2d 848.

But, if such were the case, the circumstances developed by plaintiffs' investigation would be material only if they tended to establish that the car was registered to Fiore, and plaintiffs' conclusionary assertion as having reason to believe that Muscatelli was driving with Fiore's consent suggests that they are referring to consent in fact, rather than that which is implied by §31-33-7.

existing registration. From a careful reading of the sections they cite, plaintiffs insist, the Superior Court justice's determination is contrary to the language and the purpose of relevant legislation.

Whatever merit this argument might have in an appropriate case, it is without significance on the state of the instant record. The allegation in plaintiffs' complaint that the car was registered to Fiore was denied by the latter in its answer. This allegation and denial framed an issue of a material fact which, by its supporting affidavit, Fiore destroyed in affirmatively swearing that the car was, in fact, registered to Rivelli; a sworn statement which the affidavit filed by plaintiffs' counsel did not contradict. Consequently, we hold that the Superior Court justice did not err in granting Fiore's motion as the same relates to plaintiffs' claims that Fiore was liable by reason of the implied consent mandated by §31-33-7. (See Appendix.) Even so, plaintiffs further argue they are prejudiced in that the granting of Fiore's motion for summary judgment deprives them of the right to litigate the question of Fiore's liability as the non-registered owner of the car being operated by Muscatelli, a claim predicated on the provisions of §31-33-6. (See Appendix.)

Since it was on this latter-cited provision that plaintiffs in the second civil action sought to hold Fiore responsible for Muscatelli's conduct in the operation of its motor vehicle, we turn to a consideration of the decision rendered by the Superior Court justice in passing on Fiore's motion in said second case.

## II
### Appeal of Anne Battista, Alfred Battista and Frances R. Fitch

As heretofore related, these plaintiffs made no allegation that the car being operated by Muscatelli was registered to Fiore. Rather, it is their position that, although not

registered to Fiore, the motor vehicle in question is conceded to have been owned by the latter whose liability is established by the provisions of §31-33-6, assuming that Muscatelli was, in fact, operating the vehicle as Fiore's agent or servant at the time of the accident.

This question of agency, plaintiffs argue, constitutes a genuine issue for trial. In advancing this contention, plaintiffs stress that the Superior Court justice, in reaching his decision, relied on paragraph 4 of Fiore's supporting affidavit. They acknowledge that they filed no counter-affidavit, but argue, in effect, that Rule 56(e) of the Superior Court Rules of Civil Procedure do not require the filing of a counter-affidavit where the moving party's supporting affidavit is legally deficient in that it does not set forth probative facts which, uncontradicted by a counter-affidavit, would entitle the moving party to summary judgment as a matter of law. We are in full accord with plaintiffs' understanding of Rule 56(e), (see *Commerce Oil Refining Corp.* v. *Miner*, 22 F.R.D.5) but our acceptance thereof is unavailing to them.

Paragraph 4 of Fiore's supporting affidavit affirmatively asserts that Rivelli "took possession and control of said motor vehicle pursuant to an agreement between Fiore Pontiac, Inc. and Peter Rivelli d/b/a Auto-Brite Company whereby Peter Rivelli d/b/a Auto-Brite Company would perform certain work upon said motor vehicle for an agreed charge and *return* said motor vehicle." (emphasis supplied)

Taking cognizance of this factual assertion of an existing contract between Fiore and Rivelli, and noting that it stood uncontradicted, the Superior Court justice then referred to §31-1-17(f). It provides:

"(f) Bailee. A bailee is one to whom possession of personal property has been entrusted by the bailor for a specific purpose resulting from either an express or implied contract, with the understanding that such personal property shall be returned to the bailor or

any other person designated by the bailor when the terms and purposes of the contract have been accomplished."

Applying the uncontradicted assertion of facts set forth in paragraph 4 of Fiore's supporting affidavit to the aforestated legislative declaration, the Superior Court justice found that on the question of Fiore's consent in fact there was no genuine issue for trial. We agree.

The plaintiffs argue, however, that paragraph 4, even if construed as a statement of fact admissible in evidence, is equivocal and open to the equally reasonable inference that, by its very terms, Fiore's assertion is that the contract of bailment terminated with the completion of the services to be performed on Fiore's car and that a jury would be warranted in finding that the return of the car was a favor to Fiore.

We cannot agree that the assertion in question is equivocal. The plaintiffs' contention in this regard, in our opinion, is an exercise in semantics. That the return of the car to Fiore was not impliedly agreed to by Rivelli in consideration of the charge made for services rendered by the latter, is an inference that strains the reasoning processes. Hence, the rule stated in *Marandola* v. *Hillcrest Builders, Inc.*, 102 R. I. 46, 227 A.2d 785, that, in determining whether there is a genuine issue of a material fact, the trial justice should consider affidavits and pleadings in the light most favorable to the party opposing a motion for summary judgment is, in the view we take of defendant's uncontradicted assertion of fact, of no assistance to plaintiffs. The posture of the instant appeals is readily distinguishable from that in *Gallo* v. *American Egg Co.*, 76 R. I. 450, 72 A.2d 166. There, defendant's trucks were regularly serviced by another in the latter's garage during the night, and, the following morning, returned by the garage operator's servant to defendant's place of business. The plaintiff in *Gallo* had been injured by one of defend-

ant's trucks when it was being returned to the latter by the garage man's servant. At the close of plaintiff's case, defendant moved for a directed verdict on the grounds that the facts established that, at the time of the accident, defendant's truck was the subject of a commercial bailment. The trial justice in *Gallo* denied the motion and this court sustained.

However, in *Gallo*, there was some evidence that the return of the truck by the garage man's servant was in the nature of a favor to defendant, and not part of the bailment. This court held that in accordance with the well settled rule on motions for a directed verdict, there being some evidence on the issue of bailment at the time of the accident, the trial justice properly submitted that issue to the jury. Similarly distinguishable is *Goulet* v. *Coca-Cola Bottling Co. of R. I.*, 83 R. I. 310, 116 A.2d 178, also relied on by plaintiffs.

Neither is there merit to plaintiffs' further contention that paragraph 4 of Fiore's supporting affidavit is fatally deficient in that it merely refers to a contract between Fiore and the bailee Rivelli and fails to spell out the contract on which Fiore relies. Rule 56 (e) of the Superior Court Rules of Civil Procedure does not require that an affidavit assert in detail all the facts on which the affidavit is predicated. It is sufficient if the assertion substantially states a fact or facts which, if believed, would entitle the affiant to judgment, such facts not being contradicted. *Slefkin* v. *Tarkomian, supra*, and see also *Cottrell Employees Credit Union* v. *Pavelski, supra*, where the rule as thus stated was made applicable to a counter-affidavit, but, whether an affidavit in question is made in support of or in opposition to a summary judgment motion, the rule as to sufficiency is the same.

As to all plaintiffs in both civil actions, therefore, we find no merit in their contentions that they were prejudi-

cially denied the right to litigate the question of whether Muscatelli, at the time of the accident, was operating Fiore's motor vehicle with the latter's consent in fact as contemplated by §31-33-6.

Finally, common to all plaintiffs in both civil actions is the contention that the granting of Fiore's motions for summary judgment constituted an abuse of the Superior Court justice's discretion in that, when the motions were heard on September 20, 1968, defendants Rivelli and/or Muscatelli had not filed their respective answers to the complaints filed in the civil actions brought against Rivelli and Muscatelli by Lisa and Paul Fitch, and by Anne Battista et al. against Muscatelli. On this state of the record, plaintiffs argue the Superior Court justice's granting of Fiore's motions for summary judgment was prejudicially premature in that plaintiffs were foreclosed from resorting to discovery procedures in the unanswered cases, which procedures were essential, they insist, to their eliciting factual data on which counter-affidavits could be based. We find no merit in such contention as to any of the plaintiffs.

Rules 26 and 33 of the Superior Court Rules of Civil Procedure, relating to depositions and interrogations respectively, authorize a plaintiff to institute discovery proceedings after the passing of twenty days from the time service is made on a defendant without regard to whether the latter has answered. Here, in the case of Lisa and Paul Fitch versus Rivelli and Muscatelli, service was made on June 6, 1968, and in the case of Anne Battista et al. versus Muscatelli service was obtained on June 11, 1968. For almost three months then, there was no impediment in both civil actions against Fiore to plaintiffs' initiating discovery proceedings against Rivelli and Muscatelli within whose control, plaintiffs argue, was information essential to plaintiffs' filing probative affidavits in opposition to Fiore's supporting affidavits. Indeed, as heretofore noted,

plaintiffs Lisa and Paul Fitch, in paragraph 9 of their complaint allege, and Rivelli and Muscatelli, in their answer admit, that, at the time and place of the accident, Muscatelli was returning the motor vehicle to Fiore on behalf of Rivelli. In light of this, one wonders how discovery procedures would have been helpful to these plaintiffs.

In the case of Anne Battista et al. against Fiore and Muscatelli, the latter admits plaintiffs' allegation that, at the time and place of the accident, the motor vehicle was owned by Fiore and being operated by Muscatelli, but neither admits nor denies that at said time he was Fiore's agent and servant. Since Muscatelli was admittedly an employee of Rivelli, it is difficult to see how Muscatelli could shed much light on the contract existing between his employer and Fiore.

Be that as it may, all plaintiffs fail to take recourse to Rule 56(f), made and provided for parties confronted with the circumstances of which plaintiffs complain. It provides:

> "(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Here, counsel for Lisa and Paul Fitch filed an affidavit of sorts, but in so doing did not invoke the discretion of the court as provided for in Rule 56(f), and plaintiffs Anne Battista et al. filed no affidavit whatsoever. See *Mill Factors Corp.* v. *L. S. Building Supplies, Inc.*, 103 R. I. 675, 240 A.2d 720. In these circumstances, we are constrained to hold that the Superior Court justice cannot be faulted on the ground that the motions for summary judgment were prematurely granted.

The plaintiffs' appeal in each case is denied and dismissed, and the judgments appealed from are affirmed.

ROBERTS, C. J., did not participate.

## APPENDIX

31-33-6. Owner's Liability For Acts Of Others.—Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the driver thereof, if other than such owner, or lessee, or bailee, shall in case of accident be deemed to be the agent of the owner, or lessee, or bailee, of such motor vehicle unless such driver shall have furnished proof of financial responsibility in the amount set forth in chapter 32 of this title, prior to such accident; and for the purposes of this section the term "owner" shall include any person, firm, copartnership, association or corporation having the lawful possession or control of a motor vehicle under a written sale agreement.

31-33-7. Prima Facie Evidence of Consent of Owner.—Evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be prima facie evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative defense to be set up in the answer and proved by the defendant.

*William C. Dorgan,* for plaintiffs Anne Battista, Alfred Battista and Frances R. Fitch.

*Richard P. McMahon,* for plaintiffs Lisa Fitch, p.a., and Paul Fitch.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* of counsel, for Fiore Pontiac, Inc., and

*John T. Keenan,* Amicus Curiae for Peter Rivelli and Vincent Muscatelli, defendants.