**Donna GRANDE**

v.

**ALMAC'S, INC., et al.**

No. 92–468–Appeal.

Supreme Court of Rhode Island.

April 20, 1993.

Ellen Biener, David Moretti, Moretti & Perlow, Cranston, for plaintiff.

Patricia Sylvester, Bernard P. Healey, Kiernan, Plunkett & Woodbine, Providence, for defendants.

Joel K. Gerstenblatt, Gerstenblatt & Gerstenblatt, Providence, for defendant Elmwood Avenue Associates.

## OPINION

PER CURIAM.

This case came before this court for oral argument on April 1, 1993, pursuant to an order directed to the parties to appear and show cause why we should not summarily decide the issues raised by the appeal of the plaintiff, Donna Grande. After hearing the arguments and reviewing the memoranda of counsel, we believe the parties failed to show cause.

The pertinent facts in this case are as follows. According to plaintiff's complaint, plaintiff tripped on May 27, 1986, on a sidewalk leading into defendant Almac's, Inc.'s store and was injured. Less than three years later, on March 27, 1989, plaintiff sued Almac's, alleging that Almac's negligently failed to maintain the premises. On February 28, 1992, plaintiff amended her complaint and alleged that defendant Elmwood Avenue Associates (Elmwood), the owner of the premises, negligently failed to maintain the sidewalk.

The lease agreement between Elmwood and Almac's stated that Elmwood, the owner, had the duty to maintain the common areas, including the sidewalks. Another provision of the lease agreement provided,

however, that if Almac's damages the premises, Almac's had the duty to repair the damage caused by its own conduct.

Almac's filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. Almac's asserted that pursuant to the lease agreement, Elmwood possessed the sole duty to maintain the sidewalk and that accordingly Almac's was not liable to plaintiff. The trial justice granted the motion for summary judgment filed by Almac's.

The plaintiff alleges that the trial justice's granting of the motion for summary judgment was improper because a factual issue in dispute existed. The plaintiff asserts that she may be able to prove that Almac's caused the defect in the sidewalk and if she is able to muster this proof, Almac's would be liable to plaintiff pursuant to the lease agreement. The plaintiff argues that a factual issue exists with regard to whether Almac's damaged the sidewalk and accordingly that summary judgment was improper.

We disagree with plaintiff's argument. It is well-settled law that a party opposing a motion for summary judgment may not rest on the allegations or denials found in the pleadings. The nonmoving party has the affirmative duty to set forth specific facts to demonstrate that there is a genuine issue of fact to be resolved at trial. *Volino v. General Dynamics*, 539 A.2d 531, 533 (R.I.1988). In this case we agree with the trial justice that plaintiff has failed to establish specific facts demonstrating that Almac's caused the defect in the sidewalk that allegedly caused her to trip and fall. Because plaintiff failed to demonstrate that a factual dispute existed, the trial justice correctly concluded that Almac's was entitled to judgment as a matter of law.

In addition to Almac's motion for summary judgment, Elmwood filed a motion to dismiss the amended complaint filed by plaintiff. Elmwood asserted that the accident occurred on May 27, 1986, that the statute of limitations pursuant to G.L.1956 (1985 Reenactment) § 9–1–14(b) is three years, and that plaintiff filed suit on or about February 21, 1992, approximately five and one-half years after the cause of action accrued. Consequently, Elmwood argued, plaintiff failed to commence the action within the applicable statute-of-limitations period.

The plaintiff attempted to avoid dismissal on statute-of-limitations grounds by relying on Rule 15(c) of the Superior Court Rules of Civil Procedure. Rule 15(c) allows, in certain instances, for a plaintiff to change the party against whom the complaint is filed and have this amendment relate back to the time of the filing of the original complaint. Rule 15(c) states in pertinent part,

> "An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party would not be prejudiced in maintaining his or her defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

We agree with the trial justice that based upon the evidence before her, her finding must be that the plaintiff failed to meet the second prong of the test set forth in Rule 15(c). The plaintiff failed to prove there was a "mistake" in not naming Elmwood as a defendant. In addition the plaintiff failed to establish that Elmwood knew or should have known that but for the alleged mistake, Elmwood would have been named as a defendant in the action.

Accordingly we deny and dismiss the appeal of the plaintiff and affirm the judgment of the Superior Court.