**RHODE ISLAND DEPOSITORS' ECONOMIC PROTECTION CORP.**

v.

**Joseph DiLORENZO et al.**

**No. 95–50–Appeal.**

Supreme Court of Rhode Island.

Oct. 3, 1996.

Nicholas Barrett, Rumford.

Michael Calise, Providence.

## ORDER

This case came before a panel of the Supreme Court on September 25, 1996, pursuant to an order that directed the defendants, Joseph DiLorenzo, Barbara DiLorenzo, Robert Tritendi, and Carolyn Tritendi, to show cause why their appeal should not be summarily decided. These defendants have appealed the granting by the Superior Court of the motion for summary judgment of the plaintiff, Rhode Island Depositors' Economic Protection Corp. (DEPCO).

After hearing the arguments of counsel and reviewing the memoranda filed by counsel for the parties, this Court concludes that cause has not been shown and the case will be decided at this time.

In April 1989, defendants borrowed $346,713.37 from Central Credit Union (CCU) for the purpose of purchasing four condominium units. The loan was evidenced by a promissory note executed by defendants. The defendants defaulted on the loan, and in April 1993, DEPCO, which had acquired CCU's assets in the interim, foreclosed. The foreclosure sale resulted in a substantial deficiency, and DEPCO filed a deficiency complaint to recover $260,538.18 in principal, plus interest and attorney's fees. The defendants responded by filing an answer and counterclaim, as well as a third-party complaint against Emilio A. Cerroni (Cerroni), who was a principal of the entity that sold the condominiums to defendants and a member of the board of directors of CCU. The defendants contended, inter alia, that the obligation was

"void and/or unenforceable by reason of mistake, fraud, misrepresentation, and/or lack of authority."

The plaintiff moved for summary judgment. On October 25, 1994, the Superior Court granted the motion and ordered that judgment be entered for DEPCO in the amount of $299,126.91 plus costs. On appeal, defendants repeated their claim that CCU and Cerroni engaged in fraud and misrepresentation and further argued that DEPCO, whether regarded as a general receiver or as a separate entity, was amenable to suit or counterclaim asserted by adverse parties. Finally, defendants argued that the motion for summary judgment was premature because discovery has not been conducted.

In reviewing the granting of a motion for summary judgment, this Court employs the same rules and analysis as applied by the trial justice. *Accent Store Design v. Marathon House*, 674 A.2d 1223, 1225 (1996). We will sustain the granting of the motion if our review of the admissible evidence, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law. *Id.*

We agree with the trial justice in this case that defendants failed to establish a genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law. A party opposing a motion for summary judgment has an affirmative duty to set forth specific facts to demonstrate the existence of a genuine issue of material fact to be resolved at trial. *Grande v. Almac's, Inc.*, 623 A.2d 971 (R.I.1993). The nonmoving party may not rest on allegations or denials found in the pleadings. *Id.* The defendants do not dispute that they signed the promissory note with knowledge of its terms, received consideration, and defaulted on the loan. The affidavit accompanying defendants' objection to plaintiff's motion for summary judgment contained allegations that at best created a genuine question as to whether CCU obtained liens on defendants' residences through fraud, misrepresentation, or mistake. These allegations did not call into dispute defendants' liability on the underlying obligation. The affidavit also averred that defendants

were unsophisticated investors unrepresented by counsel. These averments, without more, are irrelevant to the question of defendants' liability. Finally, the affidavit claimed that the transaction violated unspecified "established banking laws and standards." Mere conclusions of law, however, without supporting substantive allegations of fact, do not create a genuine factual dispute. *Salisbury v. Stone*, 518 A.2d 1355, 1358 (R.I.1986).

Moreover, this court has previously held in a factually similar situation that "DEPCO has a completely separate identity from that of the receiver." *Rhode Island Depositors v. Phillips*, 643 A.2d 215, 216 (R.I.1994). DEPCO is "responsible and liable only for those liabilities specifically assumed and shall bear no responsibility or liability for any other debts or liabilities." G.L. 1956 § 42–116–6(b). There has been no allegation that DEPCO specifically assumed the liability asserted by defendants. Even if DEPCO were regarded as a general receiver for CCU, *see* G.L. 1956 § 19–12–2, defendants' claim would still have to satisfy the requirements of G.L. 1956 § 19–12–13. *See Paradis v. Greater Providence Deposit Corporation et al.*, 677 A.2d 1340, 1342 (R.I.1996) (agreement sought to be enforced against receiver must be in writing and reflected in official bank records); *cf. Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). The record is barren of any indication that these requirements have been satisfied.

The defendants' claim that summary judgment was premature is similarly without merit. The defendants Carolyn and Robert Tritendi were served on May 17, 1994, and defendants Barbara and Joseph DiLorenzo were served on May 31, 1994, four months prior to the October 25, 1994, hearing. The defendants had ample time to conduct discovery and have offered no explanation for their failure to do so. *See Battista v. Muscatelli*, 106 R.I. 514, 526–27, 261 A.2d 636, 643 (1970). Moreover, Rule 56(f) of the Superior Court Rules of Civil Procedure permits parties who cannot present facts essential to justify their opposition to a summary judgment motion to seek a continuance to obtain additional discovery necessary to meet their burden. *Grissom v. Pawtucket Trust Co.*,

559 A.2d 1065, 1066 (R.I.1989). The defendants failed to do so.

In conclusion, we affirm the judgment of the trial justice. We deny and dismiss the appeal and remand the papers in the case to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., did not participate.