DECISION
The Defendant, Beaird Industries ("Beaird"), moves for summary judgment pursuant to Super. R. Civ. P. 56. The Plaintiff, Joseph LaPointe ("Mr. LaPointe"), objects to the motion.
 Facts and Travel
On May 3, 2006, Mr. LaPointe filed a complaint in this Court, alleging, inter alia, that he had suffered injuries as a result of his job-related exposure to asbestos-containing boilers or pressure vessels. He claims that some of the asbestos products causing his injury were manufactured, supplied, or sold by Beaird. Mr. LaPointe consulted the Massachusetts Registry of Boilers and Pressure Vessels ("Registry") to refresh his recollection of job sites where he may have worked and the products present at those sites. Mr. LaPointe has filed suit against the boiler and pressure vessel manufacturers that were listed in the Registry as having products at the sites where Mr. LaPointe recalled working. There were Beaird products present at two of Mr. LaPointe's job sites.
Beaird argues that summary judgment is appropriate in its case, as Mr. LaPointe could not specifically recall Beaird products at his job sites and could not recall the time period during which he worked at sites where Beaird products were present. Beaird further contends that its *Page 2 
independent investigation through the National Board of Boiler and Pressure Vessels has provided evidence that the two sites where Mr. LaPointe may have been exposed to Beaird products were sites at which Beaird had only supplied an air receiver and a propane tank. Beaird submits the affidavit of Leonard Malchevski, who served as a chief engineer for Beaird between 1973 and 2004, in support of its conclusion that neither propane tanks nor air receivers manufactured by Beaird have ever contained asbestos, and neither has asbestos-containing component parts. Beaird claims that Mr. LaPointe has offered no evidence to contradict these findings, and because there were no other Beaird products identified in connection with Mr. LaPointe's injuries, there is no more discovery for Beaird to produce.
Plaintiff opposes summary judgment. He contends that discovery is not yet complete and that Beaird has failed to provide adequate answers to interrogatories.
 Standard of Review
"Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126
(R.I. 2001) (citations omitted). The moving party bears the initial burden of establishing that no genuine issues of material fact exist.Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the opposing party must demonstrate the existence of substantial evidence to dispute the moving party on a material issue of fact. See Hydro-Manufacturing, Inc. v. Kayser-RothCorp., 640 A.2d 950, 954 (R.I. 1994); Bourg v. Bristol Boat Co.,705 A.2d 969, 971 (R.I. 1998). While the opposing party must show that substantial evidence exists, it need not disclose all of its evidence to survive summary judgment. Bourg v. Bristol Boat Co., 705 A.2d 969, 971
(R.I. *Page 3 
1998). The trial judge does not pass upon the weight and credibility of the evidence, and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Palmisciano v. Burrillville Racing Ass'n.,603 A.2d 317, 320 (R.I. 1992).
 Analysis
The rules of discovery are liberal and function in consonance with summary judgment motions to define disputed facts and issues.Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151 (1st
Cir. 2006) (citations omitted). Although there may be limits to the amount of time an attorney can command for pretrial preparation, this Court cannot find that the proverbial clock has run in this case.See Thibeault v. Square D Co., 960 F.2d 239, 242 (1st
Cir. 1992) (finding that a party in a simple products liability case could not claim lack of time for discovery to oppose summary judgment where the case had been pending for two and a half years).
In his opposition to summary judgment, Mr. LaPointe contends that Beaird has failed to answer the master set of interrogatories, and that as a result, there is insufficient information available to Mr. LaPointe to support his factual disputes. Where the party opposing summary judgment has provided reasons for his inability to produce essential facts to support his opposition, the Court has discretion to deny summary judgment and permit further discovery to be taken. Super. R. Civ. P. 56(f); see also Battista v. Muscatelli, 106 R.I. 514, 527,261 A.2d 636, 641 (1970). Here, the Court finds that Beaird's motion for summary judgment is premature, and Mr.LaPointe should have the opportunity to pursue further discovery. Although Beaird contends that none of its products present at Mr. LaPointe's worksites contained any quantity of asbestos, its contention does not excuse it from responding to proper discovery requests. The question of whether a defendant's product contained any quantity of asbestos is an issue of fact *Page 4 
for the jury to determine. See Totman v. A.C. and S., Inc., C.A. No. 00-5296, 2002 R.I. Super. LEXIS 23 (February 11, 2002). It is for a jury, and not a judge, to hear expert witnesses and determine their credibility, and to pass on the weight of the evidence. See Palazzo v.Big G. Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972). Therefore, Beaird cannot rest upon its own conclusion of a triable fact as a basis for declining to provide Plaintiff further discovery information.
 Conclusion
Summary judgment is an extreme remedy that should not be used as a substitute for trial or as a device intended to impose a difficult burden on the nonmoving party to save his or her day in court.North Am. Planning Corp. v. Guido, 110 R.I. 22, 25, 289 A.2d 423, 425
(1972). It is not for the Court to sift out cases that are weak, improbable or unlikely to succeed, and so summary judgment will be denied unless a case is "legally dead" on arrival. Mitchell v.Mitchell, 756 A.2d 179, 185 (R.I. 2000). Mr. LaPointe has set forth a prima facie case, and has established that discovery is incomplete. Accordingly, Beaird's motion for summary judgment is denied as premature. Counsel shall prepare the appropriate order for entry. *Page 1