**RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORPORATION**

v.

**Richard E. DUGUAY et al.**

**No. 97–73–Appeal.**

Supreme Court of Rhode Island.

July 21, 1998.

Peter J. Brockman, Providence, for plaintiff.

William G. Savastano, Smithfield, Linda Elizabeth Buffardi, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on May 12, 1998, pursuant to an order directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. The defendants, Richard E. Duguay and Jeanne Duguay (the Duguays), appeal from a Superior Court summary judgment in favor of the plaintiff, Rhode Island Depositors' Economic Protection Corporation (DEPCO). After reviewing the parties' memoranda and considering counsels' arguments, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The Duguays purchased real estate located in South Attleboro, Massachusetts, from the Marquette Credit Union (Marquette) in December 1990 for $325,000. The Duguays also financed their purchase through Marquette, executing two promissory notes in the amounts of $65,000 and $275,000. The notes were secured by a mortgage on the South Attleboro property as well as two other properties owned by the Duguays. The Duguays defaulted on the notes, without having made any payment on either note. As a result DEPCO alleges a deficiency balance in the amount of $364,342.25.

In May of 1991 Marquette was placed in receivership, and one year later DEPCO acquired Marquette's assets, including the notes executed by the Duguays, from the receiver. Thereafter, foreclosure proceedings were instituted against the Duguays, and the South Attleboro property was sold at a foreclosure auction for $54,000. Then DEPCO filed the instant suit, seeking to collect on the deficiency of the notes.

The Duguays filed a counterclaim against DEPCO, alleging that lead paint was found on the premises and that Marquette was negligent in failing to disclose this fact or advise the Duguays of the availability of lead paint inspections in conformance with Mass. Gen.Laws ch. 111 § 197A (1996). The Duguays maintained that Marquette's failure to comply with this duty constitutes fraud and misrepresentation on behalf of the credit union and that DEPCO, as the successor to Marquette, is now responsible for the resulting damages.

Next, DEPCO filed a motion to dismiss the counterclaim and also moved for summary judgment on its complaint. With respect to the counterclaim DEPCO argued that it was immune from any claims the Duguays might have asserted against Marquette because it had acquired the assets of Marquette free of any liabilities pursuant to G.L.1956 § 42–116–6(b).[1] Because the Duguays had filed suit against Marquette in Massachusetts on the same grounds alleged in the counterclaim, which suit was ultimately dismissed, DEPCO argued further, the principles of res judicata apply and mandate a dismissal of the suit.

1. General Laws 1956 § 42–116–6(b) provides that DEPCO shall have the power:

"[i]n connection with the acquisition of all or any portion of the assets of an eligible institution, to assume all, none, or any portion of the liabilities, including deposit liabilities, of an eligible institution at such terms and in such manner as the corporation shall deem advisable; provided, however, that the corporation shall be responsible and liable only for those liabilities specifically assumed and shall bear no responsibility or liability for any other debts or liabilities of the eligible institutions."

A hearing on DEPCO's motions was conducted before a trial justice of the Superior Court. The trial justice granted DEPCO's motion to dismiss the counterclaim, stating that pursuant to Rhode Island law, DEPCO had acquired the assets of Marquette free and clear of the claims asserted by the Duguays. The trial justice also granted DEPCO's motion for summary judgment. Therefrom the Duguays filed this appeal.

On appeal the Duguays claim that Marquette violated Massachusetts law by failing to inform them of the availability of the lead-paint inspection prior to the sale of the property in violation of Mass.Gen.Laws ch. 111, § 197A(b)(1), which resulted in a delayed discovery of the existence of lead paint on the property. The Duguays maintain that they sustained damages in the form of lost income and the cost of repairs to the premises. According to the Duguays, this failure to disclose constitutes fraud in the factum and therefore may be asserted against DEPCO in defense of the notes. We disagree.

"The federal courts have consistently held that the only claims and defenses that can be raised against the Federal Deposit Insurance Corporation (FDIC), the federal counterpart of DEPCO, are *real defenses* that make the underlying loan agreement void and not merely voidable *** and claims arising from agreements that are 'supported by some explicit writing in the bank's official records or by an express written agreement between the banking institution and the claimant.' " *Rhode Island Depositors' Economic Protection Corp. v. NFD Co.*, 687 A.2d 452, 454 (R.I.1997). (Emphasis added.) "Real defenses, which may be asserted against a holder in due course, are defenses against the note and include infancy; incapacity, duress, or illegality of the transaction that renders the party's obligation a nullity; *fraud in the factum;* and discharge in bankruptcy." *Rhode Island Depositors Economic Protection Corp. v. Ryan,* 697 A.2d 1087, 1092 (R.I.1997). (Emphasis added.) "Personal defenses, such as failure of consideration, nondelivery, and *fraud in the inducement,* are not truly defenses against the note but rather defenses or claims based on the underlying transaction." *Id.* (Emphasis add-

ed.) Fraud in the factum concerns "[m]isrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms." Black's Law Dictionary 661 (6th ed.1990). *See also Dante State Bank v. Calenda,* 56 R.I. 68, 78, 183 A. 873, 878 (1936). Conversely, fraud in the inducement is defined as " '[m]isrepresentation as to the terms, quality or other aspects of a contractual relation *** that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken.' " *Bourdon's, Inc. v. Ecin Industries, Inc.,* 704 A.2d 747, 753 (R.I. 1997). After a careful review of the record we are unable to discern any evidence that would indicate that the Duguays did not understand or were unable to obtain information concerning the terms of the promissory notes that they signed. Accordingly if any fraud was perpetrated upon the Duguays by Marquette, it was fraud in the inducement rather than fraud in the factum and thus does not constitute a valid claim or defense that can be asserted against DEPCO.

The Duguays also assert that the deficiency judgment should be vacated because the foreclosure sale was not conducted in a commercially reasonable manner since the amount received was so far below the market value of the property. This issue, however, was not raised before the trial court and thus is not reviewable. *See Bouchard v. Clark,* 581 A.2d 715, 716 (R.I.1990).

For the foregoing reasons the defendants' appeal is denied, and the judgment appealed from is affirmed. The papers in this case may be remanded to the Superior Court.