**RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORPORATION**

v.

**BOWEN COURT ASSOCIATES et al.**

No. 99–532–Appeal.

Supreme Court of Rhode Island.

Jan. 5, 2001.

Steven M. Richard, Providence, for Plaintiff.

William Landry, Lauren E. Jones, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

LEDERBERG, Justice.

The plaintiff in this case, Rhode Island Depositors Economic Protection Corporation (DEPCO), has appealed a judgment entered in the Superior Court in favor of the defendants, Bowen Court Associates (Bowen Court) and a group of guarantors. The trial justice ruled that although it had the right to collect on a promissory note that was payable to Rhode Island Central Credit Union (RICCU), DEPCO could not recover any monetary damages on its claim because the defendants were entitled to recoup damages suffered as a result of a breach of the loan agreement by RICCU or its receiver. For the reasons that follow, we sustain the appeal and reverse the judgment.

### Facts and Procedural History

Like several earlier cases in which DEPCO was a party, this case has its origins in the credit union crisis. *See In re Advisory Opinion to the Governor (DEPCO)*, 593 A.2d 943, 947 (R.I.1991) (describing crisis). On December 5, 1990, Bowen Court and RICCU closed on a promissory note, along with other loan documents, by which Bowen Court could receive up to $2.1 million in financing for a real estate project known as the Bowen Court Condominiums. Concomitantly, guarantees were executed by defendants Bowen Court, Downtown Investors, Inc., Roderick Mitchell, James Gladney, John Coffey, Jr., James H. Falk, Sr., John Martinelli, John McGann, Charles McGovern, Philip Noel, Gary Pannone and John Travassos. At the closing, RICCU advanced $525,000 to Bowen Court. On January 1, 1991, the Governor of the State of Rhode Island ordered the closing of a number of financial institutions, including RICCU. Subsequently, RICCU was placed into receivership, and no further financing was provided by RICCU or its receiver after January 1, 1991. On its part, Bowen Court made no monthly payments on the note, and the real estate project collapsed. In RICCU's receivership proceedings, Bowen Court submitted a verified claim, dated July 15, 1991, seeking monetary damages that allegedly resulted from RICCU's failure to continue to fund the project. The claim asserted the right to "an equitable setoff with respect to such sums as might otherwise be due from [Bowen Court] to RICCU to date pursuant to the Financing Documents." Eleven months later, RICCU's receiver conducted a foreclosure sale on the subject property and purchased it with a bid of $79,900, which was applied against Bowen Court's then-outstanding indebtedness of $621,872.60.

In June 1992, DEPCO purchased substantially all of RICCU's assets from the receiver, including the note and other loan documents relating to the financing of Bowen Court Condominiums. In Decem-

ber 1993, DEPCO filed suit against defendants—Bowen Court and the guarantors—to collect the outstanding loan balance on the note. The defendants responded to DEPCO's complaint by asserting "claims in the nature of setoff or recoupment." DEPCO filed a motion for summary judgment that was denied by the trial justice, following which DEPCO sought interlocutory review of the order. This Court denied the petition, and after DEPCO's motion for reconsideration of its motion for summary judgment was denied as well, the case proceeded to trial.

After the nonjury trial, a Superior Court justice entered judgment for defendants, and, agreeing with defendants' recoupment defense, found that because RICCU or the receiver breached its obligation to continue to fund the project pursuant to the loan documents, the amount that DEPCO could recover on the outstanding loan balance should be reduced by the amount of the damage defendants suffered as a result of that breach. The trial justice ruled that because the amount of the damage caused by the breach of RICCU or the receiver exceeded the amount due on the note, the amount that DEPCO was entitled to recover was reduced to zero.[1] DEPCO appealed, pursuant to G.L. 1956 § 9–24–1.

### Standard of Review

■ "The findings of a trial justice sitting without a jury are entitled to great weight, and the 'resolution of mixed questions of law and fact, as well as the inferences and conclusions drawn from the testimony and evidence, are entitled to the same deference.'" *Hawkins v. Town of Foster,* 708 A.2d 178, 182 (R.I.1998) (quoting *Wickes Asset Management, Inc. v. Dupuis,* 679 A.2d 314, 317 (R.I.1996)). Questions of law and statutory interpretation, however, are reviewed *de novo* by this

Court. *See Nonnenmacher v. City of Warwick,* 722 A.2d 1199, 1202 (R.I.1999) (holding that the existence of a contract is a question of law reviewed *de novo* by the Court); *City of East Providence v. Public Utilities Commission,* 566 A.2d 1305, 1307 (R.I.1989) (holding statutory interpretation is a question of law that the Court reviews *de novo*).

### Transfer of Assets to DEPCO

■ Having reviewed the relevant documents, it is our conclusion that under the DEPCO statute, G.L.1956 chapter 116 of title 42 (the statute) and under the transfer documents by which DEPCO acquired the assets of RICCU, DEPCO took the assets of RICCU free and clear of any alleged breach of contract claim *and* free of any recoupment defense arising therefrom.

Section 42–116–6(b) states that DEPCO is empowered:

"*** to assume all, none, or any portion of the liabilities *** of said eligible institution at such terms and in such manner as the corporation shall deem advisable, provided, however, that the corporation shall be responsible and liable only for those liabilities specifically assumed and shall bear no responsibility or liability for any other debts or liabilities of such eligible institutions."[2]

*See Rhode Island Depositors' Economic Protection Corp. v. DiLorenzo,* 683 A.2d 370, 371 (R.I.1996) (mem.) (citing § 42–116–6(b)); *Rhode Island Depositors Economic Protection Corp. v. Phillips,* 643 A.2d 215, 216 (R.I.1994) (per curiam) (same).

The document sent by DEPCO to the receiver, titled "Offer to Purchase Assets and Assume Certain Liabilities" of RICCU (Offer), in the section titled "Limitation on Liability of DEPCO," stated,

---

1. The trial justice ruled that in a recoupment defense, defendants were limited solely to reducing the amount of the award to which DEPCO was entitled and could not affirmatively recover damages from DEPCO.

2. In 1998, the Legislature reenacted § 42–116–6(b) re-designating the subsection as § 42–116–6(2) and making minor grammatical changes that do not affect this case.

"DEPCO does not, and shall not, assume or in any way become liable for any debts, claims or liabilities of the Institutions, other than the Assumed Deposit Liabilities specifically assumed pursuant to *Paragraphs 4 and 6* hereof. Neither DEPCO nor any of its successors or assigns shall be or become liable as a result of this Offer, the Court Order, any counterclaim or other claim of liability, whether as a successor to or assignee of any Institution, the Receiver or otherwise, for any debts or liabilities of, or claims against the Institutions, whatsoever, including (without limitation) claims against the Institutions or the Receiver for * * * acts or omissions of the Institutions or their Receiver or for defaults by the Institutions under any agreement * * * or contract * * * that has not been specifically assumed."

This language was approved by and incorporated in a court order dated May 22, 1992. In addition, the DEPCO/Receiver Agreement (Agreement) dated June 24, 1992, stated,

"Except for the express provisions of paragraphs 5, 6, 8, and 9 of this Offer, *DEPCO shall not assume or otherwise become liable for any claims against or liabilities* of the Institutions or the Receiver to * * * non-deposit * * * creditors of the Institutions whether their claims are liquidated, unliquidated, contingent, *known or unknown or otherwise, nor shall DEPCO assume or be or become liable with respect to any setoff or counterclaim or other claim or liability * * * whatsoever, including* (without limitation) claims against the Institutions or the Receiver with respect to * * * *damages for breach of any contract*." (Emphases added.)

The DEPCO statute must be construed liberally in conformity with its purposes. Section 42–116–4(a); *Rhode Island Depositors Economic Protection Corp. v. Maple-*

*root Development Corp.,* 710 A.2d 167, 170 (R.I.1998). The purpose of the DEPCO statute is "to aid the prompt payment of the deposit liabilities of the financial institutions to each depositor to the extent and in the manner as the corporation determines." Section 42–116–2(e). The statute goes on to provide that "[i]n carrying out its purpose, [DEPCO] seeks to: (1) Maximize the return from the sale or other disposition of the assets of the corporation * * *." *Id.* The verified claim filed in the RICCU receivership made reference to the defense of "equitable setoff." Claims of "setoff," however, were expressly disclaimed in the Agreement, indicating that DEPCO intended to disclaim the very "recoupment" defense that Bowen Court asserted in its verified claim.[3] Significantly, nowhere in either paragraphs 4 or 6 of the Offer or in 5, 6, 8 or 9 of the Agreement is liability for the note and loan documents "specifically assumed." Moreover, we believe that the above disclaimers of "any setoff or counterclaim or other claim or liability" are broad enough to include a defense of recoupment arising out of an alleged breach of the loan agreement.

The defendants argued that because DEPCO referred to "rights of recoupment" when assuming assets of RICCU, but did not expressly disclaim the defense of recoupment in its disclaimers, DEPCO did not intend to disavow a recoupment defense. We believe that DEPCO's disclaimers were intended to be as broad as possible and that the absence of the word recoupment in the disclaimer sections did not thereby establish DEPCO's intention to assume or become liable to defendants' recoupment defense. Accordingly, we construe § 42–116–6(b) as permitting DEPCO to assume liabilities free of all defenses including recoupment defenses, and excepting only those liabilities expressly assumed. Hence, given that the Offer and the Agreement specifically disclaim any

---

**3.** An equitable setoff "arises out of a transaction *different* from that sued on," 20 Am. Jur.2d *Counterclaim, Recoupment, and Setoff* § 6 at 233 (1995), whereas recoupment arises out of the *same* transaction. *Id.* at § 5. (Emphases added.)

liabilities and counterclaims, we conclude that DEPCO is immune from defendants' recoupment defense.

### Prior DEPCO Cases

This Court has addressed substantially similar circumstances in *Rhode Island Depositors Economic Protection Corp. v. Washington County Land Co.*, 694 A.2d 720 (R.I.1997) (per curiam). In *Washington County Land Co.*, the borrowers had also entered into a loan agreement with RICCU to finance a real estate project on which they owed an outstanding balance on the note. As in this case, DEPCO had assumed the note and brought suit to collect on the balance. The borrowers asserted that RICCU's failure to continue to fund the project was a material breach of the loan agreement that provided a "complete defense to DEPCO's claim for payment on the note." *Id.* at 721. We agreed with DEPCO that "once the automatic stay of RICCU's banking activities was issued by the Governor on January 1, 1991, neither the receiver for RICCU nor DEPCO had any authority or obligation to continue to fund the note and to provide those funds to Washington's land development project." *Id.* Thus, the borrowers' defense was precluded. The defendants argued here, and the trial justice agreed, that *Washington County Land Co.* is distinguishable because the borrowers in *Washington County Land Co.* asserted that the breach by the lender was "a complete defense to DEPCO's claim for payment on the note," 694 A.2d at 721, whereas here defendants argued that their "equitable recoupment" defense served to reduce the amount recoverable by DEPCO by the amount of damages that defendants allegedly suffered as a result of the breach by RICCU or the Receiver.[4]

In response, DEPCO argued that it is subject only to real defenses and to "claims arising from agreements that are 'supported by an explicit writing in the failed institution's records or by an express written agreement between the banking institution and the claimant,"[5] citing several cases to support its position, specifically, *Rhode Island Depositors Economic Protection Corp. v. Duguay*, 715 A.2d 1278, 1280 (R.I.1998) (per curiam); *Rhode Island Depositors Economic Protection Corp. v. Rignanese*, 714 A.2d 1190, 1194 (R.I.1998); *Rhode Island Depositors Economic Protection Corp. v. Ryan*, 697 A.2d 1087, 1091 (R.I.1997); *Rhode Island Depositors Economic Protection Corp. v. NFD Co.*, 687 A.2d 452, 454 (R.I.1997) (per curiam). Here, however, the trial justice found that recoupment is a "real" defense that could be used not to absolve defendants of liability but rather a defense by which "defendants are entitled to recoup from [DEPCO]" damages that reduced the amount owed to zero.

Real defenses are those claims and defenses that render the underlying loan agreement void and not merely voidable. *Duguay*, 715 A.2d at 1280. Real defenses are defenses against the note such as "infancy; incapacity, duress, or illegality of the transaction that renders the party's obligation a nullity; fraud in the factum; and discharge in bankruptcy." *Ryan*, 697 A.2d at 1092. It is our opinion that the defense of recoupment cannot be considered a real defense that renders the underlying loan agreement void. More-

---

4. In *Rhode Island Depositors Economic Protection Corp. v. Washington County Land Co.*, 694 A.2d 720 (R.I.1997), we also held that DEPCO could set off the amount owed on the loan with the defendants' funds that were in a special account required by the loan's indemnity agreement. "Such right of setoff was preserved to RICCU through the plain language of the promissory note," *id.* at 722, a liability not expressly assumed in the case before us.

5. This defense is codified at G.L.1956 § 42–116–23 and has been referred to as the *D'Oench, Duhme* doctrine. *See Rhode Island Depositors Economic Protection Corp. v. Ryan*, 697 A.2d 1087, 1091, 1094 (R.I.1997) (explaining origins and operation of *D'Oench, Duhme* doctrine); *Paradis v. Greater Providence Deposit Corp.*, 677 A.2d 1340, 1342–43 (R.I.1996) (same).

over, to allow a setoff or a recoupment would contravene the intent of the Legislature in enacting the DEPCO statute, which allows DEPCO to assume all, none, or any portion of the liabilities of an eligible institution. Section 42–116–6(b). In this case, the transfer agreement from the receiver for RICCU to DEPCO provides that DEPCO shall not "assume or be or become liable with respect to any setoff or counterclaim or other claim or liability, * * * for any other debts or liabilities of, or claims against, the Institutions or Receiver whatsoever." Therefore, the trial justice erred in treating the recoupment defense raised by defendants in this case differently from defenses that have been raised by other defendants in cases discussed *ante*.

Because we hold that the defendants could not claim a recoupment defense, we need not reach the issue, raised by DEPCO, of whether the guarantors appropriately mitigated damages.

For these reasons, we sustain DEPCO's appeal and reverse the judgment of the Superior Court, to which we return the papers in the case with our direction to enter judgment for DEPCO.